## Haffey *et ux. versus* Carey *et al.*

| 73  431|
|178  306|

1. A wife may mortgage her estate to secure future as well as present indebtedness of her husband.

2. The provision of the Married Woman's Act (April 11th 1848), that her property shall not be sold, &c., by her husband without her written consent acknowledged before a judge, &c., does not apply where the husband and wife unite in the sale, &c.; the law as to that is as before the Act of 1848. 3. Moore *v.* Cornell, 18 P. F. Smith 320, explained.

March 27th 1873. Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *McKean county*: No. 265, to January Term 1872.

This was a scire facias sur mortgage, issued January 18th 1871, by Richard L. Carey and Theodore H. Whittlesey against John K. Haffey and Diantha E. his wife.

On the 31st of March 1869, John K. Haffey and Diantha E. his wife, the defendants, executed a mortgage to the plaintiffs on

[Haffey *v.* Carey.]

land mentioned in the mortgage in the sum of $1000, conditioned "that if the parties of the first part shall and will well and truly pay all demands and indebtedness contracted, or that may hereafter be contracted for goods and merchandise to be sold by the said Haffey, as agent of the De Golier store and grist-mill, in Bradford township, at De Golier post-office and railroad station, and merchandise furnished by the parties of the second part, or guarantied by them, then these presents shall become void," &c.

The mortgage was duly acknowledged by husband and wife, with a separate examination of the wife, &c. On the trial, December 19th 1871, before Williams, P. J., the plaintiffs gave the mortgage in evidence and rested.

The defendant, Mrs. Haffey, offered in evidence a deed to herself for the land described in the mortgage, for the purpose of showing that the land was hers, alleging that she could not encumber her separate real estate to secure a future liability of her husband.

The evidence was objected to by the plaintiffs, rejected by the court and a bill of exceptions sealed for the defendant.

The verdict was for the plaintiffs for $998.09.

The defendants took a writ of error and assigned for error the rejection of the offer of their evidence.

The only question in the case was, the power of a married woman to bind her real estate by a mortgage executed jointly with her husband for a contemplated future liability by him.

*J. C. Backus* and *R. Brown*, for plaintiffs in error, cited Wright *v.* Brown, 8 Wright 224 ; Wilson *v.* Shoenberger, 7 Casey 295 ; Magaw *v.* Stevenson, 1 Grant 402 ; also, Married Woman's Act, April 11th 1848, sect. 6, Pamph. L. 536, 2 Br. Purd. 1005, pl. 13.

*R. D. Hamlin*, for defendants in error, cited Ter-Hoven *v.* Kerns, 2 Barr 96 ; Stewart *v.* Stocker, 1 Watts 140 ; Moroney's Appeal, 12 Harris 372 ; Lytle's Appeal, 12 Casey 121 ; Black *v.* Galaway, 12 Harris 19 ; Miner *v.* Graham, Id. 491 ; Shinn *v.* Holmes, 1 Casey 142 ; Woodward *v.* Wilson, 18 P. F. Smith 208.

The opinion of the court was delivered, May 17th 1873, by

SHARSWOOD, J.—It is well settled that a married woman may mortgage her estate for her husband's benefit, or to secure the payment of his debts: Hoover *v.* The Samaritan Society, 4 Whart. 445 ; Black *v.* Galaway, 12 Harris 19 ; Miner *v.* Graham, Id. 491 ; Lytle's Appeal, 12 Casey 131. This being so, there is no reason why she may not do so to secure future as well as existing indebtedness : Lyle *v.* Ducomb, 5 Binn. 585. Indeed, in point of policy, there are considerations in favor of the latter which cannot be

[Haffey *v.* Carey.]

urged for the former.    The wife's property being thus pledged to secure credit for her husband may enable him to engage in business, and by his enterprise and industry make a good living both for him and her and their family.    Nor is it necessary that the provision of the Act of April 11th 1848, Pamph. L. 533, as to the acknowledgment of the mortgage should be observed.    An acknowledgment in conformity to the law, before that, to enable a married woman to pass her estate, is sufficient, as has been more than once decided, and confirmed by the Act of Assembly of April 9th 1849, Pamph. L. 526; April 18th 1853, Id. 573; April 11th 1856, Id. 315; Miner *v.* Graham, 12 Harris 491; Shinn *v.* Holmes, 1 Casey 142; Stoops *v.* Blackford, 3 Id. 213. It was not intended in Moore *v.* Cornell, 18 P. F. Smith 320, to depart in the least from these authorities, or to hold that in an assignment of a wife's mortgage, by husband and wife, it was necessary that the acknowledgment should be in any other form or before any other officer than is required in any other case where the contract of a married woman in realty is to be bound or transferred.    The Act of April 11th 1848 provides that the property of a married woman shall not be sold, conveyed, mortgaged, transferred, or in any other manner encumbered by *her husband*, without her written consent first had and obtained, and duly acknowledged before one of the judges of the Court of Common Pleas of this Commonwealth that such consent was not the result of coercion on the part of her said husband, but that the same was voluntarily given and of her own free will.    This provision has no application, whether in the transfer of real and personal estate of the wife, when the husband and wife unite in the execution of the transfer, but the law remains as it stood before the passage of the Act of 1848.

Judgment affirmed.