# R. Patrick & Co. *v.* Henrietta C. Smith, Appellant.

*Married women—Principal and surety—Promissory notes—Accommodation indorser—Act of June 8, 1893.*

A husband, having a time draft indorsed by himself, was refused a discount at a bank without another indorser. The bank agreed to accept the wife of the holder, if she would draw a check for the proceeds. The wife indorsed the draft and drew a check on the bank for the proceeds, payable to her husband's order. When the draft matured, the husband was able to pay only part of it. The wife gave her own promissory note for the balance. This note was discounted by the bank, and she drew another check in favor of her husband for the proceeds. *Held,* that the wife was an accommodation indorser for the husband on the draft, and accommodation drawer for him on the note, and that she was within the protection of the proviso of the act of June 8, 1893, P. L. 344, forbidding a married woman to become accommodation indorser, guarantor or surety for another.

Argued Oct. 31, 1894. Appeal, No. 199, Oct. T., 1894, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1890, No. 30, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on promissory note.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was binding instruction for the plaintiff, quoting it.

*James R. Macfarlane,* for appellant, cited: Real Est. Co. v. Roop, 132 Pa. 496; Koechling v. Henkel, 144 Pa. 215; Bauck v. Swan, 146 Pa. 444; Milligan v. Phipps, 153 Pa. 208; Adams v. Grey, 154 Pa. 258; Spotts's Est., 156 Pa. 281; Stephens v. Bank, 88 Pa. 157; 2 Am. L. Cas. 454; Stebbins v. Co., 92 Pa. 289; Brooks v. Bank, 125 Pa. 394; Carhart's Ap., 78 Pa. 100; R. R. v. Johnson, 7 W. & S. 317; Paul v. Stackhouse, 38 Pa. 302; Conmey v. Macfarlane, 97 Pa. 361; Sheidle v. Weishlee, 16 Pa. 134; Zeller v. Henry, 157 Pa. 1.

*George D. Riddle,* for appellee, cited: Steinman & Co. v. Henderson, 94 Pa. 313; Spotts's Est., 156 Pa. 281; Harrar v.

Croney, 2 Dist. R. 375; Kulp v. Brant, 162 Pa. 222; Gockley
v. Miller, 162 Pa. 271.

OPINION BY MR. JUSTICE DEAN, Jan. 7, 1895:

The defendant is the wife of Edward A. Smith. The hus-
band, in August, 1888, presented to plaintiffs, bankers, of the
city of Pittsburg, a draft in sum of $1,700, indorsed by him-
self, in which his wife had no interest, for discount. Plaintiffs
declined to discount it without an indorser. Smith offered to
get his wife to indorse ; plaintiffs agreed to accept it with her
indorsement, if she would draw a check for the proceeds ; to
this the husband assented, took the paper to his home, and at
his request, the wife indorsed it; then drew a check on Patrick
& Company for proceeds, payable to her husband's order. He
received $600 in cash, which he used for his own purposes, and
the balance he applied to the payment of a debt owing by him
to the bank. When the draft matured, the husband paid on it,
of his own money, $600, and, at the request of Patrick & Com-
pany, obtained from his wife her note at three months, to her
husband's order, for the balance, $1,200, and again her check
for proceeds to his order. She neither received nor expected
to receive any of the money ; her part in the transaction was
solely for the accommodation of her husband, which fact was
well known to the plaintiffs.

On these facts, the learned judge of the court below per-
emptorily instructed the jury to find a verdict for plaintiffs,
saying : " I regard the evidence as only showing that this mar-
ried lady, Mrs. Smith, did what she had a perfect right to do."
The defendant appeals, arguing that, under the proviso to the
Married Persons' Property Act of June 3, 1887, in force when
the contract was made, indorsement of the draft and signature
to the note were void.

The proviso referred to, is this : " Provided, however, that
nothing in this or the preceding section shall enable a married
woman to become accommodation indorser, guarantor or surety
for another."

Although the act of 1887 was expressly repealed by that of
June 8, 1893, this proviso, almost word for word, was incorpo-
rated in the later act. It was the expressed intent of both acts
to enlarge the powers of married women to contract, and this

court has sought to give full effect to this intent in interpretation. While this primary intent is not to be restricted by interpretation, plain restrictions are not to be enlarged by the same means. This act declared the married woman might bind herself by many contracts which theretofore she could not legally make, yet it expressly continued her disability to become an accommodation indorser, guarantor or surety for another.

This married woman, on the first draft, was both in fact and in name an accommodation indorser for another, her husband. It is admitted that, if default had been made, and suit brought on this paper, there could have been no recovery. But it is argued her situation is changed by the execution and delivery of the note for $1,200, of which on its face she is neither indorser, guarantor nor surety. If there was nothing in the case but the note, the presumption would be that it was for a debt she could lawfully contract.

Formerly her capacity to contract was exceptional, and her disability general; now the disability is exceptional and her capacity general; the burden is on her, when she seeks to avoid her contract, to bring it within one of the few exceptions. This she has sought to do in this case by proof of the facts already stated. Her liability is not determined alone by the form of the obligation. If the object was to evade the disability created by the statute, the fact and not the form will determine her liability. In Real Estate Co. v. Roop, 132 Pa. 496, the case of a judgment note signed by both husband and wife, to raise money to aid the husband in his business, it was said: " If not given as surety for her husband, it was given upon his importunity, and to aid him in his business, one of the very perils from which the law ought to protect a married woman," and the judgment was stricken off. This case depended on the interpretation of this proviso.

Take the facts here; the husband had a time draft, was pressed for money; he was refused a discount without an indorser; the banker agrees to accept the wife, if she will draw a check for the proceeds, thus apparently giving her the benefit of the discount; her husband importunes her, and she accedes. He, with the full knowledge of the banker, gets all the money. When the draft matures, the husband is able to pay but $600, leaving $1,200 to be provided for; then, at the banker's request,

PATRICK & CO. *v.* SMITH, Appellant.          529

the husband induces her to sign a note for the $1,200 and another check in favor of her husband for the proceeds, as if it were for her benefit. She receives not a single dollar from the beginning. She was accommodation indorser for the husband on the draft, and accommodation drawer for him on the note; and all the time with the full knowledge of, in fact at the suggestion of the plaintiffs. The act does not use the words, accommodation drawer; but, in substance, what is an accommodation drawer but a surety for him to whom the paper is delivered and for whose benefit it is made? "The undertaking in suretyship is immediate and direct, that the act shall be done; if not done, the surety becomes at once responsible." Reigart v. White, 52 Pa. 440. The debt here was that of the husband; as between him and the banker he alone was bound to pay it; the wife gave her own obligation, by the terms of which she at once became responsible, and hence a surety for her husband's debt, or the debt of another. If the note, under the statute, had bound her, and she had been compelled to pay, she would have had a right of action against him, on the principle of her suretyship for him, and in no other right.

The whole transaction was a transparent device adopted by the plaintiffs and the husband, to evade an express statutory enactment; to create, by form, a liability, where by law none in fact existed. As she received no benefit, as the plaintiff was in no way deceived, she was under neither moral nor legal obligation to pay, and there should have been no verdict against her.

The judgment is reversed.