Edwin A. Dusenberry and Catharine Dusenberry to the use of the Ministers, Elders and Deacons of the Walpack Reformed Church Congregation of Sussex County, New Jersey, Appellant, *v.* The Mutual Life Insurance Company of New York and Catharine Dusenberry, intervening defendant.

*Husband and wife—Security for husband's debt—Act of June 8, 1893—Policy of life insurance.*

The second section of the Married Women's Act of June 8, 1893, P. L. 344, while prohibiting a married woman from making the technical contract of indorsement, suretyship or guaranty, does not disable her from transferring her property as security for the debt of another.

A married woman has legal capacity to assign a policy of life insurance of which she is the beneficial owner as security for a debt of her husband contracted prior to the assignment.

*Married women—Security for husband's debt—Assignment of life insurance policy—Consideration.*

There is sufficient consideration to support an assignment by a wife of a policy of life insurance, where the object of the assignment is to relieve her husband from the responsibilities and liabilities, civil and criminal, for his default in paying over money, which as treasurer of a church he had collected, as well as to secure the payment of his debt, and also to obtain a reassignment of the policy upon payment of the debt.

*Insurance—Life insurance—Assignment of policy—Affidavit of defense.*

In an action of assumpsit upon a surrendered policy of life insurance by an assignee of the policy against the insurance company, an affidavit of defense by the assignor, the wife of the assured, allowed to intervene, is insufficient which avers that she is informed and believes and expects to be able to prove at the trial that the assignee promised and agreed to pay the premiums on the policy when they became due, and made default in so doing. Such an averment, to be of any efficacy, would have to be positive and direct, accompanied by a further averment that it was omitted from the assignment by mistake, fraud or accident.

Argued March 7, 1898. Appeal, No. 231, Jan. T., 1897, by plaintiff, from order of C. P. Monroe Co., Feb. T., 1897, No. 8, discharging rule for judgment for want of a sufficient affidavit of defense. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Assumpsit by an assignee to recover the surrendered value of a policy of life insurance against an insurance company.

The statement of claim set forth the assignment of the policy, the collateral agreement and notice, as follows :

#### COPY OF ASSIGNMENT.

" For one dollar, to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), I hereby assign, transfer and set over to the ministers, elders and deacons of the Walpack Reformed Church Congregation of Sussex Co., N. J., all my right, title and interest in this policy, No. 284,400 A, issued by The Mutual Life Insurance Company of New York, and for the consideration above expressed I do also, for myself, my executors and administrators, guarantee the validity and sufficiency of the aforegoing assignment to the above named assignee, its successors and assigns, and their title to the said policy will forever warrant and defend.

" Dated in Stroudsburg, Monroe Co., Pa., this seventh day of September, 1894.

" In presence of us, the words 'executors, administrators' erased before signing.               } CATHARINE DUSENBERRY.

" C. B. STAPLES.

and by Edwin A. Dusenberry Sept. 19, 1894, in my presence.

" C. B. STAPLES.          EDWIN A. DUSENBERRY."

#### COPY OF COLLATERAL AGREEMENT.

" Whereas Edwin A. Dusenberry of Stroud township, Monroe county, Pennsylvania, is indebted to the ministers, elders and deacons of the Walpack Reformed Church Congregation of Sussex county, New Jersey, in the sum of two thousand dollars with interest from April 1, 1894, for moneys collected

by him as treasurer of said congregation, and for which, in order to secure the payment of the same, he has this day executed and delivered to said congregation a judgment note in the sum of two thousand dollars with interest from April 1, 1894, at the rate of five per cent. per annum.

"And whereas, in order further to secure the payment of said money, Catharine Dusenberry, the wife of Edwin A. Dusenberry, has this day assigned and transferred to said congregation a life insurance policy issued by the Mutual Life Insurance Company of New York on July 1, 1886, in the sum of six thousand dollars, No. 284,400 A, on the life of Edwin A. Dusenberry; payment to be made in case of his death, to said Catharine Dusenberry, his wife.

"Now therefore know all men by these presents, that it is hereby agreed by the said congregation, through its attorney, Charles B. Staples, that upon the payment of said indebtedness of two thousand dollars and all interest the said congregation will reassign to said Catharine Dusenberry the said policy of life insurance; the said congregation reserving the right and privilege of at any time surrendering said policy and collecting whatever moneys may be payable by said Life Insurance Company upon said surrender, after the said congregation shall have given the said Catharine Dusenberry ninety days' notice of its intention so to surrender said policy and a demand made upon her to pay the amount of said indebtedness and interest and take a reassignment of said policy.

"C. B. STAPLES,
Attorney for the ministers, elders and deacons of the Walpack Reformed Church Congregation of Sussex Co., N. J."

COPY OF NOTICE.

"CATHARINE DUSENBERRY,

"Dear Madam: You are hereby notified that the ministers, elders and deacons of the Walpack Reformed Church Congregation of Sussex county, New Jersey, intend to surrender the policy of life insurance, issued by the Mutual Life Insurance Company of New York, No. 284,400 A, on life of Edwin A.

Dusenberry, unless there is paid to it the amount of a judgment note given by Edwin A. Dusenberry to it for the sum of two thousand dollars and interest thereon from April 1, 1894, at the rate of five per cent. per annum.

"The said ministers, elders and deacons of the Walpack Reformed Church Congregation of Sussex county, N. J., therefore demand from you the payment of the said sum of two thousand dollars and interest from April 1, 1894, within ninety days from this date.

"C. B. STAPLES,<br>
Attorney for the Ministers,

"Stroudsburg, Pa.,    Elders and Deacons of the<br>
   "Aug. 5, 1895.    Walpack Reformed Church<br>
                 Congregation of Sussex<br>
                 Co., New Jersey.

Catharine Dusenberry having intervened as a party defendant filed the following affidavit of defense:

"Catharine Dusenberry the above named party defendant by leave and order of court, in the above case, being duly sworn, according to law, deposes and says that she has a just, true, full and legal defense to the whole of the plaintiff's claim of the following nature and character, to wit:

"It is true, as contained in the plaintiff's statement, that a policy of life insurance—No. 284,400 A—was issued by the defendant company, the Mutual Life Insurance Company of New York, upon the life of Edwin A. Dusenberry, and that in the said policy the said defendant company, agreed to pay to the affiant, the wife of the said insured, at the death of her said husband, the sum of $6,000, in consideration of the payment to the said company of the annual premiums provided for in the said policy, but the date of the said policy is not correctly given in the plaintiff's statement, said policy being dated July 1, A. D. 1886, and not on July 1, A. D. 1896, but it is not true, as insinuated in said statement, that the value of said policy if the stated annual premiums had been regularly paid, would have yielded to the affiant, as beneficiary, at the death of the insured, only $6,000.

"While it is true that the said policy stipulated for the surrender of it, at the option of the insured, to the insurer at the

end of ten years from the date of its issue, which occurred on
July 1, 1896, and the full reserve value of it might then have
been received, it is denied that the said policy at the end of the
said ten year period was worth no more than $1,667.64, or that
the above named use plaintiff, also styling itself the assignee
of the insured and beneficiary, then had the right to surrender
the said policy of insurance and to receive the surrender value
of it, or that it had the right to surrender the same at any time
since.   It is also denied that the plaintiff has exhibited a full
and correct copy of the contract of insurance.

"While it is also true that the affiant on or about September 7,
1894, signed a paper which she understood to relate to the said
policy of life insurance, and was in some way to secure the
plaintiff for her husband's debt to it, she did not know, until
the discovery of the fact of the proceedings in this case and by
explanations to her of the import of it, that that paper implied
an absolute assignment and transfer of the policy to the plain-
tiff; nor did she understand the collateral agreement referred
to in the plaintiff's statement to imply a right in the plaintiff
to surrender the said policy at any time during the lifetime of
her said husband, but on the contrary asserts it that her under-
standing of the whole agreement, written and verbal, related
to time after the insured's death, if she survived him.

"The service of the notice of August 5, 1896, is admitted, but
she denies every insinuation of a promise by her to pay to the
plaintiff the sum of $2,000 or any other sum of money, or her
indebtedness to it of any amount, or its right to demand pay-
ment from her.

"And in further denial of the right of the said, the ministers,
elders and deacons of the Walpack Reformed Church Congre-
gation of Sussex county, New Jersey, plaintiff, to bring and
maintain the said suit, the affiant says that she has been in-
formed, verily believes, and expects to be able to prove upon
the trial of this cause, that the said plaintiff promised and agreed
to pay the premiums on the said policy of life insurance as and
when the same became payable, but has neglected to do so, by
reason of which default, the said policy has lapsed and become
inoperative as a provision for her in the case of the insured's
death, and was nonsurrenderable, for a cash consideration, at
the time of the offer of surrender of it by the said plaintiff to

the said defendant insurance company. That the said alleged assignment by her of the said policy was void, first, because it was without consideration, and second because it was not given for her own debt or about the conduct of her separate business, but was given as collateral security to insure the payment of her husband, Edwin A. Dusenberry's debt to the plaintiff, she being at the time of the assignment a married woman, wife of the said Edwin A. Dusenberry.

" Sworn and subscribed
before me this 6th day
of February, 1897.                    CATHARINE DUSENBERRY.
    "WM. F. DECKER,
        " Prothonotary."

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles B. Staples*, for appellant.—A married woman under the laws of Pennsylvania always had the right to dispose of her property, real and personal, by conveyance or assignment to secure the debt of her husband, and such conveyance or assignment was valid and binding upon her: Lytle's Appeal, 36 Pa. 131; Selden v. Merchants' Nat. Bank, 69 Pa. 424; Kuhn v. Ogilvie, 178 Pa. 303; Corcoran v. Ins. Co., 179 Pa. 132; Act of June 8, 1893, P. L. 344; Kulp v. Brant, 162 Pa. 225.

It is error to permit a party to a written contract to certify as to what was the motive or the inducing circumstances which had led him to execute the contract: Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35; Cullmans v. Lindsay, 114 Pa. 167; Spencer v. Colt, 89 Pa. 314.

Conceding the correctness of the principle that in passing upon the sufficiency of an affidavit of defense the material averments of fact contained therein must be accepted as true, it has no application to immaterial, irrelevant, obscure or evasive averments: Bank v. Miller, 179 Pa. 412; Killen v. Brown, 6 Pa. Superior Ct. 15; Bakes v. Reese, 150 Pa. 44.

The affidavit of defense must be responsive: Ashman v. Weigley, 148 Pa. 61.

*Henry J. Kotz,* with him *Eilenberger & Hoffman,* for appellee.
—Conceding that there is an acknowledgment of the receipt of
the consideration stipulated to be paid in the assignment, yet,
notwithstanding that acknowledgment, may not the defendant
be allowed to prove, in the proper forum, if she can, that in fact
there was a total failure of consideration moving to her: Ham-
ilton v. McGuire, 3 S. & R. 355; 1 Greenleaf on Evidence,
sec. 305.

There was no consideration for the assignment: Petrie v.
Clark, 11 S. & R. 377; Royer v. Keystone Nat. Bank, 83 Pa.
248; Altoona Second Nat. Bank v. Dunn, 151 Pa. 228; Bayler
v. Com., 40 Pa. 37; Anderson v. Best, 176 Pa. 500.

In Selden v. Merchants' National Bank, 69 Pa. 424, Mrs. Sel-
den did not resist the bank's claim to the amount she had pledged
the bond for as security for money lent to her husband, but
only for the difference between the loan and the proceeds of
the bond, and in this she was sustained.

Kuhn v. Ogilvie, 178 Pa. 303, is a case of the mortgaging of
the wife's estate for the husband's debt, and it was held that
she might do this, and for future advances to him.

The case of Corcoran v. Ins. Co., 179 Pa. 132, was not con-
tested by a married woman; the question of coverture came up
only incidentally.

In Kulp v. Brant, 162 Pa. 225, the question appears to have
been decided against the wife on the ground of the credit her
husband secured by reason of the assignment, and because the
husband's creditor acted upon the faith of the wife's act.

A judgment confessed by a married woman to secure the re-
payment of money by her to aid her husband in his business,
being unauthorized by the act of June, 1887, is void as to her, and
that fact being made to appear by testimony, the judgment as
to her will be stricken from the record: Real Est. Inv. Co. v.
Roop, 132 Pa. 496.

In determining whether a decree for specific performance
shall be made against a married woman, the court will consider
her state and condition as being a married woman, even if the
contract in question was within her power to make: Friend v.
Lamb, 152 Pa. 530; Patrick & Co. v. Smith, 165 Pa. 526;
Weigle v. Mercer, 1 Pa. Superior Ct. 490.

OPINION BY MR. JUSTICE GREEN, November 15, 1898:

The chief contention in this case was upon the question whether Catharine Dusenberry, a married woman, had legal capacity to assign a policy of life insurance of which she was the beneficial owner, as security for the debt of her husband. The policy was made in 1886, and the assignment in September, 1894. As a matter of fact the assignment was made to the use plaintiff, as a collateral security for the debt of her husband, contracted prior to the assignment. It is contended for Mrs. Dusenberry that she, being a married woman, could not make a valid assignment of the policy as security for the debt of her husband on account of the prohibition contained in the second section of the Act of June 8, 1893, P. L. 344, which declares that a married woman cannot become accommodation indorser, maker, security or guarantor for another. We have held many times over that this prohibition excluded a married woman from making the technical contract of indorsement, suretyship or guaranty, but did not disable her from transferring her property as security for the debt of another. In Kulp v. Brant, 162 Pa. 222, we said, "It has so often been decided that a married woman may assign her personal property, as security for her husband's debts, and that if the creditor acts on the faith of the assignment, she will not be allowed to repudiate it, that it is useless to again cite the authorities."

In that case it was, as here, a policy of life insurance that was the subject of the assignment. In the case of Kuhn v. Ogilvie, 178 Pa. 303, the subject was fully considered in an opinion by our Brother MITCHELL, and it was there held that, while the wife could not enter into the technical contract of surety for her husband's debts, she could convey or assign her property, real or personal, to secure the debt of her husband. It was held that she could do this at any time before the act of 1893 was passed, and that there was nothing in the act which restrained or limited her capacity in that respect. There is an abundance of authorities to the same effect, but there is no occasion to review them. It is plain, therefore, that, in the present case, the wife had capacity to make the assignment of the policy in question, and that she is bound by her act.

The other contentions for the appellees are not tenable. No party to a written contract can invalidate it by saying that he

or she understood it in a sense different from that which its plain words import. Nor can it be said there was either no consideration or that there was a failure of consideration for this assignment. The collateral agreement recited that Mrs. Dusenberry's husband was indebted to the church in the sum of $2,000, for moneys which he as treasurer of the church had collected, for which he had confessed a judgment to the church. The agreement further recites that in order to secure the payment of this debt the policy was assigned to the church. And the church thereupon agreed to reassign the policy upon the payment of the indebtedness, the church reserving the right to surrender the policy and collect its surrender value from the insurance company, after giving ninety days' notice of its intention to surrender, and a demand for the payment of the debt and interest. There is no need of any other consideration than this to support the assignment of the policy. To relieve her husband from the responsibilities and liabilities, civil and criminal, for his default as an officer of the church, and to secure the payment of his debt, and also to obtain a reassignment of the policy upon payment of the debt, constitute an ample consideration for the assignment. Long before the act of 1893 was passed, which so greatly enlarged the contractual capacity of married women, this Court held, in Lytle's Appeal, 36 Pa. 131, that an assignment by husband and wife, acknowledged by the wife in the mode prescribed by the act of April 11, 1848, of the wife's interest in her deceased father's residuary estate, consisting of real and personal property, to secure the debts of the husband, is valid and binding on the wife.

Nor can the allegation in the wife's affidavit of defense that she is informed and believes, and expects to be able to prove on the trial, that the church congregation promised and agreed to pay the premiums on the policy when they became due, and made default in so doing, help the wife's case. Such an averment to be of any efficacy would have to be positive and direct, and accompanied by a further averment that it was omitted from the assignment by mistake, fraud or accident. There is no such averment in the affidavit, nor anything approaching it. The language of the assignment is perfectly plain and easily understood, and of course must be read by the courts according

to its clear meaning.   We are of opinion that the affidavit of
defense contains nothing to prevent the entry of judgment.

Judgment reversed, and it is ordered that judgment be entered
in favor of the plaintiff for the surrender value of the policy,
together with interest and costs, against the Mutual Life Insur-
ance Company of New York.