## Bartholomew, Appellant, v. Allentown National Bank.

*Husband and wife—Married women—Pledge of married woman to secure husband's debt.—Pledge of personalty—Validity of pledge—Acts of 1848 and June 8, 1893, P. L. 344.*

1. From the time of the passage of the Married Woman's Act of 1848, a married woman could mortgage her real estate or assign her personal property as security for her husband's debts. Since the passage of the Act of June 8, 1893, P. L. 344, a married woman's capacity to contract is the rule; and her incapacity, the exception. She may now do anything in a contractual way except that she may not mortgage or convey her real property, unless her husband join in such mortgage or conveyance, and may not become accommodation endorser, maker, guarantor or surety for another.

2. A married woman cannot recover the value of her personal property pledged to secure the debts of her husband.

3. Where a married woman pledged her personal property to secure the debts of her husband and the pledgee sold the property and applied so much as was necessary to discharge the debt, the wife could not recover from the pledgee the entire proceeds of the sale, but only the balance remaining after the payment of the debt.

Argued Feb. 4, 1918. Appeal, No. 331, Jan. T., 1917, by plaintiff, from judgment of C. P. Lehigh Co., Oct. T., 1915, No. 31, for want of a sufficient affidavit of defense,

in case of Mary E. Bartholomew v. Allentown National Bank.  Before Brown, C. J., Potter, Moschzisker, Frazer and Walling, JJ.  Affirmed.

Assumpsit for the proceeds of the sale of stocks and bonds pledged by the plaintiff to the defendant.

Rule for judgment for want of sufficient affidavit of defense.  Before Henry, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court made absolute plaintiff's rule for judgment for the balance of the proceeds of the sale of the securities remaining after payment of the notes for which they had been pledged; and refused to enter judgment for plaintiff for the entire proceeds of the sale of such securities.  Plaintiff appealed.

*Error assigned* was the judgment of the court.

*H. W. Schantz,* with him *Evan Holben,* for appellant, cited: Stewart v. Stewart, 207 Pa. 59; Fulmer v. Stewart 207 Pa. 70; Class et al. v. Rago et al., 53 Pa. Superior Ct. 418; Allentown National Bank v. W. H. Bartholomew, 4 Lehigh County Law Journal 325; Real Estate Investment Co. v. Roop, 132 Pa. 496; Patrick & Co. v. Smith, 165 Pa. 526; Wiltbank v. Tobler, 181 Pa. 103; Sibly v. Robertson, 212 Pa. 24; Goldsleger v. Carracciolo, 63 Pa. Superior Ct. 72 (Orlady, April 17, 1916); Manor Nat. Bank v. Lowery, 242 Pa. 559.

*Claude T. Reno,* with him *Arthur G. Dewalt,* of *Dewalt & Reno,* for appellee, cited: Kuhn v. Ogilvie, 178 Pa. 303; Hoover v. Samaritan Beneficial Society, 4 Wharton 445; Lytle's App., 36 Pa. 131; Haffey v. Carey, 73 Pa. 431; Hagenbuch v. Phillips, 112 Pa. 284; Kulp v. Brant, 162 Pa. 222; Dusenberry v. Mutual Life Insurance Co., 188 Pa. 454; Herr v. Reinoehl, 209 Pa. 483; Righter v. Livingston, 214 Pa. 28; DuBois Deposit Bank v. Kuntz, 175 Pa. 432; Yeany v. Shannon, 256 Pa. 135.

OPINION BY MR. CHIEF JUSTICE BROWN, March 11, 1918:

This appeal is from the action of the court below on a rule for judgment for want of a sufficient affidavit of defense, and, in reviewing that action, we are confined to what appears in plaintiff's statement of claim and the affidavit of defense. Averments in appellant's history of the case not found there cannot be considered. The facts as they appear are as follows: Mary E. Bartholomew, a married woman, pledged to the appellee certain bank stock and bonds belonging to her, as collateral security to it for the payment of three notes made by her husband and discounted by it for him. The bank sold these securities, and, after appropriating the proceeds to the payment of the three notes, there remained a balance in its hands of $244.25. This suit was brought for the recovery of the entire proceeds of the sale of the securities, on the ground that, as the plaintiff was a married woman, her pledge of her securities for her husband's indebtedness was within the prohibition of the Act of June 8, 1893, P. L. 344, which declares that a married woman "may not become accommodation endorser, maker, guarantor or surety for another." The learned court below held that her pledge was valid, and entered judgment in her favor only for the balance of the proceeds of the securities remaining after the payment of the three notes for which they had been pledged. From this she has appealed.

The sole question raised by the appellant, as stated by her counsel, is, "Can a married woman recover the value of her personal property pledged to secure the debts of her husband?" This has been so long and repeatedly answered that but little need now be said in affirming the action of the court below.

From the time of the passage of the Married Woman's Act of 1848 she could mortgage her real estate or assign her personal property as security for her husband's debts: Haffey v. Carey, 73 Pa. 431; Hagenbuch v. Phil-

lips, 112 Pa. 284; Kulp v. Brant, 162 Pa. 222; DuBois Deposit Bank v. Kuntz, 175 Pa. 432; Kulp v. Ogilvie, 178 Pa. 303. Since the passage of the Act of 1893 a married woman's capacity to contract is the rule, and her incapacity, the exception. She may now do anything in a contractual way except that she may not "mortgage or convey her real property, unless her husband join in such mortgage or conveyance," and "may not become accommodation endorser, maker, guarantor or surety for another." "Formerly her capacity to contract was exceptional, and her disability general; now the disability is exceptional and her capacity general": Patrick & Company v. Smith, 165 Pa. 526.

In pledging her securities for her husband's indebtedness the appellant did what any married woman could have done for the last seventy years. She incurred no liability as an "accommodation endorser, maker, guarantor or surety," and it is only such liability that she is still incapable of incurring. Her pledge of securities to the bank was an executed contract which she was undoubtedly authorized to make. It has not sought to enforce any liability against her, but has merely stood on its vested right under her valid contract with it.

Herr v. Reinoehl, 209 Pa. 483, is conclusive on the question before us. In that case Lucy D. Reinoehl, a married woman, named as the beneficiary in two policies of insurance issued on the life of her husband, assigned them as collateral security to M. L. Herr and John H. Baumgardner, who were sureties on his note. It was contended for her that this assignment was void under the Act of 1893. The court below held that it was valid, and in sustaining its action, it was said by Mr. Chief Justice MITCHELL: "It has long been settled that a married woman may mortgage her real estate for her husband's debt or for future advances to him. The basis of the rule is stated in Kuhn v. Ogilvie, 178 Pa. 303. The question of her transfer of her personal property for the same purpose did not arise at common law, as by mar-

riage her goods and chattels became the husband's. But after the Act of April 11, 1848, P. L. 536, by which 'every species and description of property' continued to be hers 'as fully after marriage as before,' it was held in Lytle's App., 36 Pa. 131, that an assignment by husband and wife of the latter's chose in action was valid, though made to indemnify the endorser of the husband's note. And in Kulp v. Brant, 162 Pa. 222, it was said by our brother, DEAN, 'It has so often been decided that a married woman may assign her personal property as security for her husband's debts......that it is useless to again cite the authorities.' The Act of June 8, 1893, P. L. 344, has not changed the law in this respect: Kuhn v. Ogilvie, 178 Pa. 303; Dusenberry v. Ins. Co., 188 Pa. 454; Adams Paper Co. v. Cassard, 206 Pa. 179. That act is an enabling act, and is not to be construed as narrowing a married woman's contractual capacity, except where the intent to do so expressly appears. The provision in which such intent is claimed to be found, is in section second, which after authorizing her to make any contract in furtherance of the general power granted in the preceding section, enacts 'but she may not become accommodation endorser, maker, guarantor or surety for another.' This has been held to apply only to the technical contract of endorsement, guaranty or suretyship included in the words of the act, Dusenberry v. Ins. Co., 188 Pa. 454, though it will be held to cover a manifest device to evade the prohibition, such as was before the court in Patrick v. Smith, 165 Pa. 526. But what the statute prohibits is the incurring of a personal liability for the forbidden purpose, a liability which carries the risk of a general judgment. This clause was 'a cautionary provision against too liberal a construction of the very large powers conferred by the first part of the section, a saving of the previously existing disability so far as it covered the particular class of contracts specified': Kuhn v. Ogilvie, 178 Pa. 303. The pledge of specific property whether real or personal

was within her previously existing powers, and these, as heretofore said, were not narrowed by what was intended as an enabling statute to enlarge them."

Stewart v. Stewart, 207 Pa. 59, upon which counsel for appellant seem to rely, is not at all in point, for an entirely different question was then before the court. Margaret K. Stewart executed a mortgage on her separate real estate to secure indebtedness of .her husband. This mortgage, executed by both, was accompanied by their joint judgment bond, which was entered simultaneously with the recording of the mortgage and became a first lien on the husband's real estate. This was subsequently sold on an execution issued against him by a judgment creditor having a third lien against it. The question before the court was as to the right of the wife to insist that the proceeds of the sheriff's sale of her husband's real estate should be credited on the first judgment entered against him, to her relief on the mortgage which had been given to secure it, and her contention was upheld. The question now before us was not in the case.

The assignments of error are dismissed and the judgment is affirmed.