# Newhall, Assignee, Appellant, v. Arnett.

*Husband and wife — Married women — Surety for husband — Maker of promissory note—Debtor and creditor—Payment—Act of June 8, 1893, P. L. 344.*

1. Where a partner retires from a firm, and his wife makes and delivers her promissory note to the partnership for an amount which her husband owes to it, and the wife has no interest in the firm and owes it nothing, the note is an obligation of the wife to secure her husband's debt, and invalid under the Act of June 8, 1893, P. L. 344.

2. Such a note does not operate as a payment of the husband's debt.

3. A debt is not paid by the giving of a note therefor, whether it is that of the debtor or of a third party, unless there is a stipulation that such shall be its effect.

318    NEWHALL, Assignee, Appellant, *v.* ARNETT.

Argued January 10, 1924. Appeal, No. 108, Jan. T., 1924, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1921, No. 5812, refusing judgment n. o. v. for plaintiff, in case of C. Stevenson Newhall, assignee of Edward B. Mason and Charles C. Rianhard, copartners, trading as Arnett & Co. v. Elizabeth H. Arnett. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Assumpsit on promissory note. Before FINLETTER, J. The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for plaintiff, quoting record.

*W. B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *F. H. Bohlen, Jr.,* for appellants.—The limitation on the power of a married woman to make contracts under the Married Woman's Act of June 8, 1893, P. L. 344, is to be strictly construed and is to be applied only to a technical contract of accommodation, endorsement, guarantee or suretyship: Dusenberry v. Ins. Co., 188 Pa. 454; Yeany v. Shannon, 256 Pa. 135; Kuhn v. Ogilvie, 178 Pa. 303; Bartholomew v. Bank, 260 Pa. 509.

The note is presumed to be Mrs. Arnett's valid obligation and the burden was upon her to establish that it came within the prohibition of the act: Spotts's Est., 156 Pa. 281; Bank v. Poore, 231 Pa. 362; Farmers & Merchants Bank v. Donnelly, 247 Pa. 518.

The evidence does not establish a contract of accommodation, guaranty or suretyship: Lenheim v. Wilmarding, 55 Pa. 73; Lord v. Bank, 20 Pa. 384; National Union Bank v. Todd, 132 Pa. 312; Peale v. Addicks, 174 Pa. 543; Homewood Peoples Bank v. Hastings, 263 Pa. 260; Brown v. Title & Trust Co., 174 Pa. 443; Class & Nachod Brewing Co. v. Rago, 240 Pa. 470.

There is ample consideration for the note: Young's Est., 234 Pa. 287.

*Francis B. Biddle,* of *Barnes, Biddle & Morris,* with him *Sharswood Brinton,* for appellee, cited: Saeger v. Runk, 148 Pa. 77; Schwartzfager v. Ry., 238 Pa. 158; Dusenberry v. Ins. Co., 188 Pa. 454; Yeany v. Shannon, 256 Pa. 135; Real Est. Investment Co. v. Roop, 132 Pa. 496; Patrick v. Smith, 165 Pa. 526; Harper v. O'Neil, 194 Pa. 141; Brewing Co. v. Rago, 240 Pa. 470; Weigle v. Mercer, 1 Pa. Superior Ct. 490; Henry v. Bigley, 5 Pa. Superior Ct. 503; McCrea v. Sisler, 17 Pa. Superior Ct. 175; Kemper v. Richardson, 72 Pa. Superior Ct. 115; Glennon v. Hrobak, 76 Pa. Superior Ct. 371.

OPINION BY MR. JUSTICE WALLING, February 11, 1924:

During and for some years prior to 1919, William W. Arnett, Edward B. Mason and Charles C. Rianhard conducted a brokerage business in Philadelphia as partners under the firm name of "Arnett & Co." At the close of that year they entered into a written contract of dissolution, herein called "the agreement," by which Arnett retired, owing the firm $9,000. The agreement provided, inter alia, that Arnett's wife, the defendant here, should give her note for the $9,000, which, although not a party to the agreement, she did in form as follows:

"$9000. Philadelphia, January 2nd, 1920.
Two years after date I promise to pay to the order of Arnett & Co., .......NINE THOUSAND.......DOLLARS. With interest at 6% payable semi-annually, without defalcation. Value received.

"Elizabeth H. Arnett."

In answer to this suit, brought on the note by the firm's assignee, Mrs. Arnett contended she was an accommodation maker thereof for her husband and, hence, not liable. The trial judge sustained this contention and

directed a verdict for the defendant; from judgment entered thereon plaintiff has appealed.

The case turned on the construction of the agreement and was rightly decided by the trial court. The wife had no interest in the firm and owed it nothing, as the $9,000 was an existing debt of the husband, and for such the statute does not permit a married woman to obligate herself: see Oswald v. Jones, 254 Pa. 32; Patrick & Co. v. Smith, 165 Pa. 526, and other cases. The law looks at the substance, not the form, of the transaction: Sibley v. Robertson, 212 Pa. 24; Kemper v. Richardson, 72 Pa. Superior Ct. 115; Patrick & Co. v. Smith, supra. The mere fact that Mrs. Arnett was maker rather than endorser of the note is of no moment. The statute says: "she [a married woman] may not become an accommodation endorser, maker, guarantor or surety for another": section 2, Act of June 8, 1893, P. L. 344; hence, she is as incapable of becoming an accommodation maker as an accommodation endorser. There was a provision in the agreement that Mr. Mason's son should loan the money to Mr. Arnett and accept Mrs. Arnett's obligation for the same; that would have been a manifest case of accommodation maker, but apparently was not consummated, at least the note was given to the firm as provided in another paragraph of the agreement.

Appellant's contention, that the note operated as payment of the husband's debt, is untenable. A debt is not paid by the giving of a note therefor, whether it is that of the debtor or of a third party, unless there is a stipulation that such shall be its effect: Dougherty & Co. v. Bash, 167 Pa. 429; McCartney v. Kipp, 171 Pa. 644; Hunter v. Moul, 98 Pa. 13; Mechanics Nat. Bank v. Kielkopf, 22 Pa. Superior Ct. 128. Here, the contrary appears, as the agreement stipulates for, "payment by Mrs. Arnett or Mr. Arnett"; also for a return of Arnett's seat in the Philadelphia Stock Exchange, "at any time after payment of his obligations, hereby assumed by Mrs. Arnett," but says nothing about releasing him

from the indebtedness, or of assigning the claim against him to her. We need not therefore decide as to the effect of such a release or assignment. The debt remained that of the husband, secured by the wife's note, and so long as the latter was an executory obligation it was open to the defense of coverture.

Of course, a wife may pay her husband's debts (Scott v. Bedell et ux., 269 Pa. 167), and may use borrowed money (Yeany, to use of Gold S. Nat. Bank v. Shannon, 256 Pa. 137) or pledge her property (Kuhn v. Ogilvie, 178 Pa. 303; Kulp v. Brant, 162 Pa. 222; Dusenberry v. Mutual L. Ins. Co. of N. Y., 188 Pa. 454; Herr v. Reinoehl, 209 Pa. 483; Bartholomew v. Allentown Nat. Bank, 260 Pa. 509) for that purpose. A mere agreement to pay his debt, however, is not payment nor enforceable against her. In the language of the trial court: "Her note being without consideration to her, and an assumption of the debt of another who remained primarily liable, had all the characteristics of an 'accommodation' note of which she was the 'maker,' and which she had no power under the statute to make."

The judgment is affirmed.