Alliance Finance Corp., Plaintiff-Appellant, *v.*
Abrams et ux.

Argued October 10, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Joseph J. Cohen,* for plaintiff-appellant.

*Philip Dorfman,* and with him *J. Jerome Katz,* for defendant-appellee.

Opinion by Linn, J., December 12, 1929:

Appellant had judgment against husband and wife for $997.30 entered pursuant to the warrant accompanying a bond secured by mortgage in the sum of $1,000 on the wife's real estate. She filed a petition to open the judgment on the ground, as she avers, that

she "never received any consideration of any kind whatsoever from the plaintiff for the ...... bond." Plaintiff denied that averment and stated its account of the transaction culminating in the execution and delivery by husband and wife of the bond and mortgage. Depositions were taken, and after argument, the judgment against the wife was opened for the reason, in the words of the court below, that she was "acting as an accommodation endorser contrary to the provisions of the Act of Assembly."

We pass over the alleged insufficiency of the petition to open and come at once to the merits disclosed by the depositions. The decision is in conflict with long established views of the nature of a mortgage in Pennsylvania (see cases referred to in Harper v. Consolidated Rubber Co., 284 Pa. 444, 451, etc.) and of the power of a married woman conferred by the Act of 1893 to mortgage her property. In Kuhn v. Ogilvie, 178 Pa. 303, in which it was contended that a mortgage by a married woman given to secure the debts of two partnerships in each of which her husband was a member, could not be enforced against her, it was said: "A mortgage being in many respects treated as a mere security, though in form a conveyance, it might well have been held that a mortgage by a married woman to secure her husband's debt, is in substance a contract of suretyship which she was not, at common law, capable of making. But on the other hand, she has, under the law of Pennsylvania, the right of every owner to convey her estate, subject to certain conditions as to mode, etc., and as she could sell or mortgage and give the money immediately to her husband, there was no substantial reason why she should not subject her estate to a merely contingent liability for the same purpose. When the case of Hoover v. The Samaritan Society, 4 Whart 445, came before this court, the latter argument prevailed, and it was held that a married

woman could use a power of appointment to execute a mortgage as collateral to her husband's bond for money loaned to him. This view has been steadfastly adhered to, and it is now the established rule that a married woman may mortgage her estate as security for her husband's debt, including future advances to him, or for the debt of any other person: Haffey v. Carey, 73 Pa. 431; Hagenbuch v. Phillips, 112 Pa. 284; DuBois Deposit Bank v. Kuntz, 175 Pa. 432.'' It was also said: ''The first section [of the statute] provides for her control over her estate, including conveyance and mortgage of realty when her husband joins. The second section authorizes her to ''make any contract in writing or otherwise, which is necessary, appropriate, convenient or advantageous to the exercise or enjoyment of the rights and powers granted by the foregoing section, but she may not become accommodation indorser, maker, guarantor or surety for another. It is upon this last clause that the argument for the appellant rests. It is clear however that this was a cautionary provision against too liberal a construction of the very large powers conferred by the first part of the section, a saving of the previously existing disability so far as it covered the particular class of contracts specified. The general intent of the act is so plainly in enlargement of her contractual capacity, that nothing less than explicit negative words should be construed as narrowing powers admittedly possessed before the passage of the act.''

The depositions show that the bond and mortgage in suit came out of the following transactions: 1. In 1924 appellee, Mrs. Abrams, mortgaged (not the mortgage now in question) 1435 Ridge Avenue to Ida Levinthal to secure a loan of $1,000 made, it is said, for the benefit of one Sheppard; she had the power to make such a mortgage and it did not become invalid because

she permitted Sheppard to take the money secured. She defaulted and foreclosure was begun.

2. While that foreclosure was pending, the same Sheppard borrowed $4,000 from plaintiff, and Mrs. Abrams executed a judgment note for that sum. Out of that loan, was paid the amount necessary to satisfy balance due ($903.81) in the foreclosure on Mrs. Abrams' mortgage to Levinthal above mentioned, and her property was relieved of the lien.

Judgment on the $4,000 obligation was entered against Mrs. Abrams in 1925, and she then instituted proceedings to open that judgment. After depositions had been taken showing that the amount due on her mortgage to Levinthal had been paid out of the loan, she made the bond and mortgage in the sum of $1,000 involved in this case apparently in settlement of the proceeding growing out of the entry of the judgment against her on the $4,000 note.

Now, assuming, but not deciding, that she was not liable to pay any part of her $4,000 judgment note, the fact is that she executed the bond and mortgage now before us as has been stated. There can be no question of her power to make a bond and mortgage; she could and did recognize that out of the $4,000 represented by her note to plaintiff, $903.81 went in satisfaction of her mortgage debt to Levinthal—a debt not questioned in any way; if she chose to secure or repay that to plaintiff by delivering the bond and mortgage in suit, she was competent to do it; that was not becoming an accommodation maker, surety or guarantor, as those words have been defined within the excepted disability imposed on a married woman by the statute. She is therefore liable on this obligation even though she could not have been held for any part of her $4,000 note (a point not before us). If we understand the decision below, the learned court held that her $4,000 note was invalid because she was incom-

petent to make it for plaintiff's benefit, and that that infirmity carried itself into her mortgage subsequently made to secure her promise to repay to plaintiff the amount taken out of plaintiff's $4,000 loan to Sheppard and paid to Levinthal in 1924 in satisfaction of the mortgage debt first above mentioned. We cannot accept that conclusion. The payment was in direct relief of her own debt and property in the foreclosure suit. The law permits a married woman to mortgage her property not only for her own benefit but for the benefit of another: Kuhn v. Ogilvie, supra; Newhall v. Arnett, 279 Pa. 317, 321; Bartholomew v. Bank, 260 Pa. 509, 511; Siebert v. Bank, 186 Pa. 233; Dusenberry v. Ins. Co., 188 Pa. 454, 461; Herr v. Reinoehl, 209 Pa. 483; Righter v. Livingston, 214 Pa. 28.

The order appealed from is reversed, the rule is reinstated and the record remitted with instructions to discharge the rule.