# Mosser *v.* Criswell, Appellant.

*Accommodation paper—New note to indorser.*

Where an accommodation note fell due and the maker, with the knowledge of the accommodation indorser, procured from a stranger, without consideration, a note to the firm of which both the original maker and indorser are members, which new note, being indorsed by the firm and again by the original indorser, is discounted and the proceeds applied to the payment of the original note, such new note is not *prima facie* accommodation paper as between the maker and indorser, although it is as to the maker of the old note.

*Security for accommodation paper—Release—Evidence.*

The new note was an independent security for the original accommodation note and no dealings between the accommodation indorser and the original maker, short of payment or release, would affect the claim against the maker of the new note. A mortgage given to the indorser as security for the new note, is inadmissible as a defence to the note.

*Evidence as to accommodation paper—Demand.*

Evidence of the indorser's failure to demand payment of the maker before suit brought is not competent in a suit by him against the maker to show that the note was given for the accommodation of the indorser.

*Agreement of remaining partners to pay debts.*

The agreement of two remaining partners to pay firm debts is not an assumption by one of the remaining partners of a note on which he became indorser for the accommodation of the retiring partner.

Argued May 10, 1892.   Appeal, No. 66, July T., 1891, from judgment of C. P. Union Co., Dec. T., 1889, No. 104, on verdict for plaintiff.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Assumpsit by indorser against maker of promissory note. At the trial, before BUCHER, P. J., the evidence was to the effect that one Feight was maker and plaintiff indorser of a note which had been discounted in bank for the benefit of Feight. At maturity, Feight, with the knowledge of plaintiff, applied to defendant for the note in suit, who made the note, without consideration, to the order of the firm of which plaintiff and Feight were members.   Plaintiff indorsed the note in the firm name and then added his individual indorsement, had the note discounted by the bank, and gave the proceeds to Feight who applied the same to the payment of the original note.   Feight's

name was kept off the new note in order to facilitate the discount. The note at maturity was paid by plaintiff.

Defendant offered :

1. The articles of dissolution of the firm whereby plaintiff and Sadler, remaining partners, subsequently agreed with Feight, retiring partner, to pay the debts of the firm. [1]

2. A mortgage, executed contemporaneously by Feight to plaintiff, to secure him against loss upon this note and certain other claims. [2]

3. The above with the record of an amicable action in equity in Cumberland county instituted prior to the present action, for settlement of the partnership accounts and the individual accounts of plaintiff and Feight. [3]

4. Depositions of Judge Sadler and Mr. Biddle, attorneys in said equity proceedings. [4]

5. The record of the equity proceedings, in connection with the other evidence offered, to prove that the note in suit was included in the Cumberland county suit. [5]

6. That plaintiff made no demand on defendant for payment before commencing the present suit, offered for the purpose of weakening plaintiff's testimony and showing, as a fair inference, that the transaction was as claimed by defendant. [6]

7. That the present note was included in the debts for which Feight gave the mortgage to plaintiff. [7, 8]

9. That the note in suit was discounted by the bank for the account of the firm and the proceeds placed to the firm's credit. [9]

The purpose of these offers was to show that the firm and not plaintiff was the owner of the note, that plaintiff had always recognized the note as the debt of Feight and not of defendant and that the jurisdiction of the Cumberland county court had already attached. The evidence was objected to because it did not show payment of the note, and the bill in equity, if pleadable at all, should have been pleaded in abatement and not in bar. The court rejected all the offers, and charged as follows, *inter alia :*

" If this note was given by Criswell simply as an accommodation for the benefit of his son-in-law Feight and he did give it for that purpose, and this plaintiff lifted it after it matured, even though he knew it was given for his accommodation, Criswell would be bound to pay it." [10]

The court also affirmed defendant's point to the effect that if the note in suit was made for the joint accommodation of plaintiff and Feight, there could be no recovery.

Verdict for plaintiff and judgment thereon, whereupon defendant appealed.

*Errors assigned* were (1–9) rulings on evidence, and (10) charge, quoting bills of exception and charge.

*Andrew A. Leiser, J. Merrill Linn* with him, for appellant.

*Louis W. Hall, Robert Snodgrass* and *Tryon Hughes Edwards*, with them *F. H. Hoffer* and *Horace P. Glover*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 13, 1892.

The debt for which this note was given was unquestionably Feight's, and it was incumbent on him to pay the note though he was not party to it. When it fell due and Feight was unable to pay it, plaintiff being an indorser would have been liable to be called on by the bank for payment, and therefore to have the money raised on a new note made by defendant was in a certain popular sense an accommodation, that is a convenience, to the plaintiff, just as it is a convenience to a creditor who wants his money but cannot get it from his debtor in cash, to get payment by a note on which he can raise the money temporarily, though at the risk of an indorsement which he may ultimately have to pay. But this is very far from what the law means by accommodation paper. *Prima facie* therefore the note in suit was not accommodation paper as between plaintiff and defendant, though it was as between defendant and Feight. But it might have been made accommodation paper even as to plaintiff had that been the intent and agreement of the parties, and so the learned judge instructed the jury, in terms which the defendant at least has no cause to complain of, by his affirmance of defendant's point. The jury however found for the plaintiff, and with that finding as to the fact, the substance of the defence was swept away.

The assignments of error however require to be noticed somewhat in detail.

First. The agreements of dissolution of partnership and of accounting to Feight by the other partners covenant that the latter will pay the debts of the firm. This was in relief and

indemnity of Feight against debts due by the firm to its credi-
tors while he was a member, and had no reference to debts like
the note in suit which were due by others to the firm or to
Mosser as a partner in it. The offer had no relevancy to the
issue and was properly rejected.

Second. The mortgage was to secure Mosser for his indorse-
ments for Feight and might properly enough include the one
upon the note in suit. Mosser might recognize that as between
Criswell and Feight the latter was the real debtor. But this
would not discharge Criswell's obligation to Mosser. The ad-
ditional security of the mortgage was in relief of Criswell, in
so far as any payment upon it on account of this debt of
Feight's would to that extent reduce the claim against Criswell.
Whether the mortgage security therefore included this note or
not was entirely immaterial. It had no tendency to show
that Mosser released Criswell or meant to look exclusively to
Feight.

Third. For the same reasons the offer of the agreements and
the bill in equity to prove that it was Feight's debt, and so
recognized by Mosser, was immaterial. It did not tend at all to
show any discharge of Criswell from his liability on his note.
The weakness of the argument for the defence, all the way
through on this point, is in failing to notice that, while the
debt was Feight's, this note of defendant was an independent
security for it, and no dealings between Mosser and Feight,
short of payment or release of the debt, would affect Mosser's
claim against defendant.

Fourth. The depositions of Judge Sadler and Mr. Biddle add
nothing to the force of the offer in the third assignment. They
relate the efforts and negotiations for a settlement, and tend
to confirm the recognition by Mosser of this debt as due by
Feight, but they contain nothing to alter the legal status of
the case as a proceeding by a creditor upon a collateral security
for his debt.

Fifth. The evidence as to the equity suit in Cumberland
county could not show that this cause of action was included
in it. Criswell was not a party to that suit and his rights or his
liabilities could not have been submitted or adjudicated in it.
Feight's liability for this same debt might or might not be in-
cluded in that suit, but for reasons already expressed that
would not affect the present action.

Sixth. Whether plaintiff asked payment before suit or not was immaterial. There were obvious reasons why he might have delayed to sue Criswell while he was expecting a settlement from Feight, but as he had six years by the statute, his reasons for waiting are of no importance.

The matters referred to in the seventh and eighth assignment are immaterial for the reasons already discussed under the second.

Ninth and tenth. The evidence was that the note in suit was discounted by the bank, and after protest paid by plaintiff, who was indorser. If so he was entitled to recover against the maker, even though the note during its running had passed out of his hands to another indorser for whom the discount was made. The charge of the learned judge as to defendant's liability if the note was given simply for the benefit of Feight was in acccordance with established law. Knowledge by the holder that it is accommodation paper does not prevent his recovery upon it when he has paid it, even after maturity, in discharge of his liability as indorser.

Judgment affirmed.