# The Fifth Avenue Bank of Pittsburg *v.* J. G. Klauss, Appellant.

*Promissory notes—Mortgage—Indorsement.*

The holder of a promissory note may take a mortgage from the maker to secure the note and other indebtedness without becoming a trustee for the indorser; and if without fraud he forecloses the mortgage and buys in the mortgaged premises, and if it appears that nothing has been actually paid upon the note, the indorser is bound to pay it.

Argued Oct. 23, 1899. Appeal, No. 5, Oct. T., 1899, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1898, No. 296, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense. The affidavit of defense was as follows:

Defendant admits the execution of the note on which suit is brought, and a copy of which is contained in plaintiff's statement of claim, but defends against the collection of the same from him by the said plaintiff for the following reasons, to wit: The principal in said note, William L. Lapsley, on July 14, 1896, was the owner in fee simple of two certain pieces of real estate, situate in the city of Braddock, county of Allegheny, and state of Pennsylvania, described as follows, to wit:

\*    \*    \*    \*    \*    \*    \*    \*

The said William L. Lapsley, on and prior to July 4, 1896, was indebted to the plaintiff in this case, the Fifth Avenue Bank of Pittsburg, in an amount of about $15,500, including therein the note on which this suit is brought, upon which note defendant was indorser. The said Fifth Avenue Bank of Pittsburg desired said William L. Lapsley to give a mortgage on the two described pieces of real estate to secure the indebtedness of said William L. Lapsley to said bank, other than the note on which defendant was indorser, and said William L. Lapsley positively refused to give the mortgage desired by the Fifth Avenue Bank of Pittsburg unless the note on which said de-

fendant was indorser should be included therein and protected thereby, and thereupon and thereafter the said William L. Lapsley gave to the Fifth Avenue Bank of Pittsburg, on July 14, 1896, a mortgage in the sum of $15,500, which said mortgage was recorded on July 24, 1896, in the recorder's office of Allegheny county, and contained therein the following, inter alia: " Whereas, the said William L. Lapsley is at the present time justly indebted to the said Fifth Avenue Bank of Pittsburg, either as maker, indorser or guarantor to certain promissory notes, aggregating the sum of $15,500, and is desirous of securing the payment and discharge of all his liabilities to said bank, as aforesaid, and of any renewals and extensions of said notes, with the interest thereon, by this present indenture." The plaintiff, the Fifth Avenue Bank of Pittsburg, accepted the said mortgage from William L. Lapsley, and by accepting the same became a trustee for the defendant in this suit, and was bound to exercise the utmost fairness and good faith in according to the defendant the benefits instructed to be secured to him, with the said bank, by the said mortgage. The First National Bank of Braddock, assignee of the first mortgage against the first described piece of real estate, having secured judgment on a scire facias issued on said mortgage, issued a levari facias to sell the said described piece of property, and on May 1, 1897, and before the sale was made under said levari facias, the plaintiff in this case, the Fifth Avenue Bank of Pittsburg, purchased said mortgage from the First National Bank of Braddock and became the owner thereof, and being the owner of said mortgage, May 3, 1897, purchased the property covered by said mortgage at sheriff's sale for the sum of $332; that thereafter, to wit: on May 12, 1897, the Braddock National Bank, a creditor of said William L. Lapsley, whose claim was subsequent in lien to the mortgage taken by the Fifth Avenue Bank of Pittsburg covering, inter alia, the note on which defendant was indorser, filed exceptions to the sale of said real estate and the confirmation of the deed for the same, for the reason that the advertisement of said property was defective and the price at which the same was sold grossly inadequate, and offering, in case the said sale was set aside, to bid for said property at a subsequent sale the sum of $12,000. If the said sale had been set aside and the property sold again, the amount realized for the

same in excess of the first lien of about $6,000 would have been applied pro rata upon all the debts secured by the mortgage of $15,500 taken by the Fifth Avenue Bank of Pittsburg, one of which was the note on which the defendant was indorser, and on which this suit is brought, and this defendant believes and expects to be able to prove on the trial of this case, that the said property was worth more than the amount offered for it by the Braddock National Bank, the sum of $12,000. The said Fifth Avenue Bank of Pittsburg, being then and there the holder of the above described mortgage, to secure, inter alia, the debt in which this suit is brought, and being trustee for this defendant, was bound to exercise good faith toward this defendant, and secure for him out of the said property as great an amount, to be credited on the said note, as could be secured by the exercise of good faith and fair dealing, but instead of doing so, and in some manner unknown to this defendant, and for a consideration, the amount of which he is ignorant, procured the withdrawal of the exceptions to the confirmation of said sale, filed as above stated by the said Braddock National Bank, and had the sale confirmed and deed made to the said Fifth Avenue Bank of Pittsburg for the said described piece of property at the price or sum of $332. Subsequently, the said Fifth Avenue Bank of Pittsburg, having secured a judgment on a scire facias, issued on the mortgage, owned by said company against the second above described piece of property, issued a levari facias to sell the said land, and sold the same for the price or sum of $3,500, of which sum, after deducting the taxes on said land and the costs of said execution, there remained to be applied on the debt secured by said mortgage to the Fifth Avenue Bank of Pittsburg, the sum of $3,398.95. The purchaser at said last mentioned sale, being the plaintiff in this case, the Fifth Avenue Bank of Pittsburg, became thereby the owner of both pieces of property covered by the mortgage of July 14, 1896, and as far as this defendant is informed and believes is still the owner of said two pieces of property.

This defendant is informed and believes that, at the time the said Fifth Avenue Bank of Pittsburg became the owner of the said two pieces of property, the same were very valuable, and at a fair and equitable price for the same would have paid the indebtedness of William L. Lapsley to the said bank, secured

by the said mortgage of July 14, 1896, and including therein the note on which this suit is brought, but the said Fifth Avenue Bank of Pittsburg, instead of using good faith and fairness toward the defendant in this case, as it was bound to do, after its acceptance of the said mortgage, which was given, inter alia, to protect this note, unjustly and in fraud of the rights of this defendant, procured the sale of the property secured by said mortgage, and purchased the same at a price very much below its fair market value; and having now in its possession the property secured by said mortgage, and of a value to pay all the indebtedness secured by said mortgage, has neglected, and still does neglect, to dispose of the said property, and to apply the proceeds of the sale thereof, in excess of the first liens thereon, and any just amounts expended by them in purchasing the same, to a liquidation of the debts secured by the said mortgage of July 14, 1896. This defendant, although he is informed and believes that upon the sale of said property for a fair market price there will be enough realized to pay the entire indebtedness of said William L. Lapsley to the said Fifth Avenue Bank of Pittsburg, including the note on which suit is brought, and also sums legally advanced by said Fifth Avenue Bank of Pittsburg in purchasing said property, yet is ready and willing, in case the said property should not produce at the sale enough to do this, to pay to the plaintiff in this suit his proportionate share of whatever deficiency there might be in the payment of said mortgage of July 14, 1896. All of which the defendant expects to be able to prove upon the trial of this case.

WHITE, P. J., filed the following opinion :

The defense is based on the idea that plaintiff, by taking a mortgage from Lapsley, the drawer, to secure this and other indebtedness of Lapsley to the bank, became a trustee for the defendant. That position cannot be sustained. The bank merely took the mortgage as additional security for the indebtedness of Lapsley, not as payment or in satisfaction. If the mortgage had not embraced this note the defendant would have had more cause for complaint. There is no averment that the bank has ever received a dollar towards the payment of this note, nor is there any positive averment of any fraud on the part of the bank. The sheriff's sale was confirmed by the court, which

gives the bank a clear title to the property. It is uncertain whether the property can be sold for enough to pay the other indebtedness of Lapsley. The defendant, as indorser, must pay the note. After he pays it, if there are any equities which will justify it, he may be subrogated to the rights of Lapsley. Rule absolute for judgment.

*Error assigned* was the order of the court.

*Samuel B. Griffith*, with him *Edward G. Hartje*, for appellant. —A trustee who buys in property under an incumbrance prior to that held by him as trustee, and at a price below its real value, is always considered as doing it for the use and benefit of his cestui que trust: Fulton v. Whitney, 5 Hun (N. Y.), 16.

The Fifth Avenue Bank, in purchasing the property under these circumstances, became a trustee ex maleficio: Seichrist's App., 66 Pa. 237.

*James W. Collins*, with him *J. H. Baldwin*, for appellee.

PER CURIAM, October 30, 1899:

There was no error in entering judgment against the defendant for want of a sufficient affidavit of defense. For reasons given by the learned president of the court below, the judgment is affirmed.