136    521
138   ³ 56

McGRAW *v.* UNION TRUST CO.

1. BILLS AND NOTES — INDORSEMENT BEFORE DELIVERY — JOINT MAKERS.

A third person who indorses a promissory note before delivery is liable as a joint maker.

2. SAME—PRINCIPAL AND SURETY.

Two joint makers of a note given for the indebtedness of one of them are, as between themselves, principal and surety.

3. SAME—SET-OFF.

Where two joint makers of a note sustain to each other the relation of principal and surety, under 3 Comp. Laws, § 10075, subd. 6, providing that, in actions upon a note against several defendants, any one of whom is principal and the others sureties therein, any claim upon contract in favor of the principal defendant, and against the plaintiff, may be allowed as a set-off, the principal can set off against his liability on the note a claim for moneys due him from the payee and holder thereof.

Appeal from Wayne; Donovan, J. Submitted April 5, 1904. (Docket No. 7.) Decided May 17, 1904.

Petition by William T. McGraw against the Union Trust Company, as receiver of the City Savings Bank of Detroit, to offset a claim as a depositor against a note held by said bank. From an order denying the petition, petitioner appeals. Reversed.

*James Swan,* for petitioner.

*Bowen, Douglas, Whiting & Murfin,* for defendant.

CARPENTER, J. When the City Savings Bank went into the hands of a receiver, petitioner had on deposit therein several thousand dollars. He was also a party to a demand note for $1,000, dated February 21, 1899, payable to the order of the City Savings Bank, signed " H.

Watson & Co., per W. T. McGraw," indorsed on the back "W. T. McGraw." Petitioner seeks by these proceedings to offset a part of his claim as depositor against said note. The circuit court denied this petition. The material circumstances are these: The name " H. Watson & Co." was intended to describe the corporation Harry Watson & Co., whose paid-up capital stock was $1,020. One thousand dollars of this stock was taken for petitioner in the name of his attorney, and the proceeds of this note went to the credit of said corporation in payment of this stock.

It is obvious that, under our decisions, petitioner and Harry Watson & Co., if that company is liable at all on the note, are joint makers thereof. *Wetherwax* v. *Paine*, 2 Mich. 555; *Peninsular Sav. Bank* v. *Hosie*, 112 Mich., at page 356 (70 N. W. 890), and cases cited; *Dow Law Bank* v. *Godfrey*, 126 Mich., at page 523 (85 N. W. 1075, 86 Am. St. Rep. 559 ). While it is contended by petitioner's counsel that petitioner had no authority to use the corporate name in making this paper, we are by no means clear that such authority could not, under the circumstances of this case, be inferred.

But it does not follow, because the corporation and petitioner were joint makers on this paper, that the prayer of the petition should be denied. This note was given to secure the payment of an indebtedness of petitioner. As between him and the corporation, he was principal and the corporation surety for the payment of that indebtedness. In *Smith* v. *Shelden*, 35 Mich., at page 48 (24 Am. Rep. 529), this court, speaking through Mr. Justice COOLEY, said:

"Now, a surety, as we understand it, is a person who, being liable to pay a debt or perform an obligation, is entitled, if it is enforced against him, to be indemnified by some other person, who ought himself to have made payment or performed before the surety was compelled to do so."

We think the case is covered by subdivision 6 of section 10075, 3 Comp. Laws, which provides:

"That in actions upon a note　*　*　*　against several defendants, any one of whom is principal and the others sureties therein, any claim upon contract in favor of the principal defendant and against the plaintiff, or any former holder of the note who transferred the same after due, *　*　*　may be allowed as a set-off."

It results from these views that the trial court improperly denied appellant's petition. The prayer of that petition is granted.

Moore, C. J., Grant and Hooker, JJ., concurred. Montgomery, J., took no part in the decision.