## Oswald, Appellant, *v.* Jones.

*Contracts—Suretyship—Married woman—Wife surety for husband—Promissory note—Invalidity.*

In an action against a married woman to recover the amount of a promissory note of which she was maker, judgment was properly entered for the defendant non obstante veredicto where it appeared that defendant's husband made application to the payee for a loan to enable him to engage in a hotel business and offered his wife as surety, that the payee refused to make the loan in that form but made it directly to the wife, knowing the purpose for which it was to be applied; that the money was in fact invested in the husband's business and the wife received no benefit from the transaction, and that plaintiff never dealt directly with her but exclusively with the husband.

Argued April 19, 1916. Appeal, No. 446, Jan. T., 1915, by plaintiff, from judgment of C. P. Huntingdon Co., May T., 1912, No. 146, for defendant n. o. v., in case of V. A. Oswald v. Margaret A. Jones and H. D. Taylor. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a promissory note.

The facts appear in the following opinion of WOODS, P. J., sur defendant's motion for a new trial and for judgment n. o. v.:

The foregoing case was tried before a jury, who found for the plaintiff. A motion for judgment n. o. v. was filed, and subsequently motion and reasons for new trial.

The defendant is a married woman and as such she alleged that the note was given to secure money for her husband and that she was simply surety for him. A petition was presented alleging this fact, and an issue was awarded to determine the question.

The defendant alleges that the testimony established the fact as alleged by defendant.

The plaintiff denies the allegations of the petition and

testifies that the money was given on the defendant's credit.

The testimony shows that the husband of the defendant transacted the business. He first sought the loan and offered his wife as surety. This was refused, and the plaintiff testified that the husband must be eliminated, and then the husband secured the loan for his wife.

The evidence fails to show that the plaintiff and defendant ever met or had anything to do with each other, all the transactions were carried on between the defendant's husband and the plaintiff. The defendant got nothing. Her husband obtained the business at Watsontown and sold the beer of the plaintiff after having obtained a license.

The note given by this married woman was presumed to be valid and it is incumbent upon her to show that she was not liable: Merchants' & Mechanics' Bk. of Scranton v. Poore, 231 Pa. 362; Farmers & Merchants Bk. of West Newton v. Donnelly, 247 Pa. 518.

While the courts demand proof that the note given was invalid, at the same time it is the duty of the court to recognize the principle as laid down in Manor Nat. Bank v. Lowery, 242 Pa. 559, 564.

"If Urilla Lowery for the purpose of giving a security for a loan that the husband had arranged for his own benefit,......if she so signed this note, she is surety only, and being a surety, the note as to her, is a nullity."

The uncontradicted testimony is that the husband wanted the money for his own use, and the plaintiff agreed to let the wife have the money if the husband was eliminated. Plaintiff knew the defendant's husband wanted to go into the hotel business at Watsontown and refused to give the money to him for that purpose, but was willing and did give the money to the wife so that the husband could go into the very same business at the same place. He knew what the husband wanted the money for and with that knowledge he never communi-

cated to the wife except through the husband. He was not willing to furnish the money on a note signed by E. G. Jones, the husband of Margaret A. Jones, the wife, and H. D. Taylor.

Originally the husband wanted to borrow on a note with Margaret Jones and H. D. Taylor on as sureties, but plaintiff now claims he gave it to the wife with H. D. Taylor as surety. The same parties figure in both transactions, if there were two separate transactions. We are inclined to believe that the transaction was continuous, a subterfuge known to both the plaintiff and the husband, to obtain the money and bind the wife's property.

As was said in Patrick & Co. v. Smith, 165 Pa. 526, 529, "The whole transaction was a transparent device adopted by the plaintiff and the husband, to evade an express statutory enactment, to create by form, a liability, where by law none in fact existed. As she received no benefit, as the plaintiff was in no way deceived, she was under neither moral nor legal obligation to pay, and there should have been no verdict against her." And again in the same case: "If the object was to evade the disability created by the statute, the fact and not the form will determine her liability."

The evidence, uncontradicted, is that the husband wanted the money and would give a note with his wife the defendant, and H. D. Taylor, as surety, but he said no, you may have the money if your wife and H. D. Taylor will give the note and you stay off of it, but go and buy the hotel YOU want with this money. Plaintiff knew what the husband wanted to do with this money and he knew later that the husband did just what he told him he wanted to do with it. The defendant received no benefit. The plaintiff gave the money knowing what it was to be used for and what it was used for.

To our mind, the whole transaction was an apparent device to evade an act of assembly, and all the testimony leads us to that conclusion.

1916.]     Opinion of Court. below—Opinion of the Court.

The testimony reveals the fact that the plaintiff and defendant were at no time face to face with each other in the whole transaction. The husband profited by the transaction while the wife received no benefit whatever.

To our mind this case is ruled by the case of Patrick & Co. v. Smith, 165 Pa. 526, supra.

Verdict for plaintiff for $3,098. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Errors assigned* were rulings on evidence and the judgment of the court.

*J. Banks Kurtz,* with him *Samuel I. Spyker,* for appellant.

*William Wallace Chisolm,* with him *H. H. Waite,* for appellee.

PER CURIAM, May 15, 1916:

The uncontradicted testimony in this case was that the husband of the appellee wished to borrow money from the appellant for the purpose of enabling him to engage in the hotel business. When he offered to give his wife as one of the sureties on his note, the appellant, knowing that she could not legally incur such liability, demurred, and his claim is that he then lent the money directly to her. The testimony conclusively shows that "The whole transaction was a transparent device adopted by the plaintiff and the husband, to evade an express statutory enactment: to create, by form, a liability, where by law none in fact existed. As she received no benefit, as the plaintiff was in no way deceived, she was under neither moral nor legal obligation to pay, and there should have been no verdict against her": Patrick & Co. v. Smith, 165 Pa. 526.

Judgment affirmed.