# Scott *v.* Bedell et ux.

*Married women—Principal and surety—Borrowing money—Judgment—Opening judgment.*

1. While a married woman may not become surety for her husband, there is no law to prevent her paying his debts, or giving him money to use in his business, even though she may have borrowed it.

2. Where a husband and wife sign a judgment note, on which judgment is entered, the wife cannot have the judgment opened as to her, where the court finds as a fact, upon sufficient evidence, that she signed the note as a borrower, and not as surety for her husband.

Argued October 19, 1920. Appeal, No. 27, Oct. T., 1920, by Anna Bedell, administratrix of Margaret C. Bedell, from order of C. P. Allegheny Co., April T., 1916, No. 298, discharging rule to open judgment, in case of Fred W. Scott v. Milton Bedell and Margaret C. Bedell, the latter now deceased. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule to open judgment. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Anna Bedell, administratrix, appealed.

*Error assigned* was above order, quoting it.

*Septer W. Douglas,* for appellant.—A case almost on all fours with the case at bar is Oswald v. Jones, 254 Pa. 32.

*A. C. Purdy,* of *Scott & Purdy,* for appellee, cited: Gaston v. Vitte, 67 Pa. Superior Ct. 483; Yeany v. Shannon, 256 Pa. 135; Class & Nachod Brewing Co. v. Rago, 240 Pa. 470; Atkins v. Grist, 44 Pa. Superior Ct. 310.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

On January 25, 1916, Margaret C. Bedell and Milton Bedell, her husband, executed a judgment note to Fred W. Scott, upon which judgment was duly entered in the court below. After making certain payments on the debt, Margaret C. Bedell entered a rule to open the judgment; subsequently she died. Anna Bedell, decedent's daughter, suggested of record the death of her mother, and that letters of administration had been granted to herself. The court below discharged the rule to open the judgment, and Anna Bedell, administratrix, filed this appeal.

The issue on the rule raised the question whether the note in suit was an original undertaking of Margaret C. Bedell or was signed by her as surety.

Plaintiff averred and contended that Mrs. Bedell "personally borrowed the money," admitting that it was "for the purpose of purchasing, or enabling her husband to purchase, a saloon"; and the court below, from the evidence in the case, found as a fact that "Mrs. Bedell signed the note as borrower, and not as surety" for her husband.

We have read the testimony and are not convinced that the court below erred in its finding. In Yeany v. Shannon, 256 Pa. 135, 138, this court recently said: "While she [a married woman] may not become surety for her husband, there is no law to prevent her paying his debts, or giving him money to use in his business,

even though she may have borrowed it"; the authorities on the subject in hand are there referred to and need not be gone over again.

Oswald v. Jones, 254 Pa. 32, relied upon by appellant, is plainly distinguishable on its facts from the case now before us. There the court below found that the person who loaned the money and the married woman, who gave the note, "were at no time face to face with each other in the whole transaction"; whereas, here the evidence shows that Mrs. Bedell, herself, was active in obtaining the loan. Again, in that case the trial court found as a fact that the husband was the real borrower, while in this case the opposite fact is found, on ample evidence.

The assignments of error are overruled and the appeal is dismissed.