## Glennon, Appellant, v. Hrobak.

*Husband and wife—Promissory notes—Joint notes given by hus-band and wife—Security for husband's debt—Invalidity.*

In an action on a promissory note given by a husband and wife as joint makers, judgment non obstante veredicto in favor of the wife is properly entered, where it is admitted that the wife was an accommodation maker.

Argued March 7, 1921.  Appeal, No. 11, March T., 1921, by plaintiff, from judgment of C. P. Luzerne County, Dec. T., 1912, No. 653, in favor of defendant non obstante veredicto in the case of Allen Glennon, ad-ministrator of the estate of Joseph H. Glennon, deceased, v. Stanislava Hrobak.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed,

Issue to determine liability of a married woman on a judgment note.  Before WOODWARD, J.

From the record it appeared that on the 8th day of November, 1912, judgment was entered on a sealed note for $2,400 executed by the appellee and her husband.  An amicable revival of this judgment was filed Novem-ber 8, 1917, to No. 511, December Term, 1917; on April 17, 1919, the appellee presented to the court her petition

alleging that she was not indebted to the appellant's decedent and that her signature to the original note was a forgery.

A rule was granted to show cause why the judgment should not be opened as to her and she be permitted to defend, which rule was made absolute. Upon order of the court the issue was made up of the note as plaintiff's statement and the plea on the part of the appellee of non assumpsit. The jury rendered a verdict for the plaintiff generally and the court subsequently, on motion, entered judgment for the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the order of the court.

*M. J. Mulhall,* and with him *D. J. Glennon,* for appellant.

*H. J. Goldberg,* and with him *B. W. Davis,* for appellee.

OPINION BY LINN, J., April 18, 1921:

A judgment entered by confession against husband and wife, was opened as to her upon two allegations (1) that her signature was forged; (2) that she was not indebted to plaintiff. The trial resulted in a verdict against her, whereupon the court entered judgment for her non obstante veredicto upon the second ground. That action is now questioned. The undisputed evidence showed that on April 3, 1912, defendant's husband borrowed $2,400 from the decedent Glennon, and gave his judgment note therefor, on which judgment was promptly entered against the maker. On May 8, 1912, he gave decedent his promissory note in the same sum to represent the same debt and the decedent had it discounted. On November 8, 1912, upon learning that the premises occupied by defendant and her husband belonged to her and not to her husband as decedent had supposed, de-

cedent requested both to execute the judgment note in suit for $2,400.

On being asked at the trial what the consideration for the note of November 8th was, decedent replied, "That was security for $2,400 in cash received in April." Later in distinguishing the two earlier notes, which defendant had not signed, plaintiff said, "......her name is on the judgment note that was given for security." He also testified, "Q. Was there any consideration for that note other than the indebtedness which existed and for which you entered judgment against Paul Hrobak?  A. No, that was to give security for the original $2,400 after we had found out that the property was in the name of Stanislava Hrobak, the wife of Paul Hrobak. That is why that note was taken later." The money was paid to defendant's husband on the delivery of his judgment note of April 3, 1912. Glennon's book of accounts in evidence showed that he charged the husband alone with the debt. At the time of the trial it appeared that the note of May 8, 1912, which had been discounted, had been kept renewed at intervals of three months subject to reductions made on it from time to time by the husband aggregating $1,050. As the uncontradicted evidence showed that the loan was to defendant's husband, and that she signed the judgment note as his surety—as decedent himself testified several times—it is obvious that the Act of June 8, 1893, P. L. 344, prohibits recovery from her: Kemper v. Richardson, 72 Pa. Superior Ct. 115, and cases there cited; Oswald v. Jones, 254 Pa. 32.

The judgment is affirmed.