# Homewood Peoples Bank *v.* Cull, Appellant.

*Affidavit of defense—Insufficiency—Nonnegotiable instrument —Surety.*

In an action of assumpsit, to recover from a surety on a nonnegotiable note, an affidavit of defense is insufficient which avers that the defendant was an accommodation endorser; that the note was not protested for nonpayment at maturity; that the defendant had no notice of nonpayment, and that the principal debtor had delivered to the plaintiff sufficient collateral to pay the indebtedness.

Since the note was nonnegotiable the liability of the surety was not that of an endorser, and there was no necessity for the protest of the note, nor of notice to the defendant of nonpayment at maturity. The averment that the defendant did not receive any consideration for which the note was given, and that he was no more an accommodation endorser for the maker and that the note was not protested at maturity, constituted no defense to the action.

The mere fact that the holder of the note held collateral security of the principal debtor did not constitute a defense to the action. The additional securities held by the bank are in relief of the defendant, and any payment received from them on account would to that extent reduce the claim. If the defendant should pay the judgment he would have the right to be subrogated to all the securities that the bank held for the debt and that was all the right he could demand.

Argued April 28, 1925.    Appeal, No. 43, April T., 1925, by defendant, from judgment of C. P. Allegheny Co., April T., 1924, No. 1532, in the case of Homewood Peoples Bank v. M. B. Cull.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Assumpsit on nonnegotiable note.    Before DOUGLASS, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

479, (1925).] Error Assigned—Opinion of the Court.

The court made absolute the rule and entered judgment in favor of plaintiff for $1,830.80. Defendant appealed.

*Error assigned* was the decree of the court.

*Thomas J. Kane,* for appellant.—The affidavit of defense was sufficient to prevent judgment: Milton Nat. Bank v. Beaver, 25 Pa. Superior Ct. 494, 497; Hoverter v. Consedine, 82 Pa. Superior Ct. 294, 295; Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264.

*Scott & Purdy,* for appellee.

OPINION BY PORTER, J., July 9, 1925:

This is an action of assumpsit to recover of the defendant as surety the amount due upon a nonnegotiable note. The court below entered judgment for want of a sufficient affidavit of defense and the defendant appeals. The note was made by Nora O'Connor payable to the order of the defendant, who assigned the same, by contract in writing, and did "guarantee payment of same at maturity." The affidavit of defense did not deny the existence of the full amount of the debt indicated by the note, nor did it aver that any part of said debt had been paid.

The note contained a warrant of attorney to confess judgment forthwith, which destroyed its negotiability. The written endorsement of this defendant guaranteed the payment of the note at maturity. The wording of this covenant might well be held, in the absence of the statute, to constitute this defendant a surety, and not a guarantor. The undertaking of a surety is to pay if the principal debtor does not, while that of a guarantor is to pay in the event that the debt cannot by reasonable diligence be collected from the principal debtor. That question is, however, set at rest by the Act of 1913, P. L.

971, the provisions of which leave no doubt that this defendant was a surety. The defenses alleged in the affidavit were (1) That the defendant was an accommodation endorser; that the note was not protested for nonpayment at maturity; and that the defendant had no notice of nonpayment, and (2) That the principal debtor had delivered to the plaintiff as security for the indebtedness for which the note was given sufficient collateral and choses in action of said Nora O'Connor to pay the indebtedness. The note was not negotiable, the liability of this defendant was not that of an endorser, and there was no necessity for protest of the note, nor of notice to this defendant of nonpayment at maturity. There can be no doubt that a man may become surety to answer for the obligation of his friend without being paid for his undertaking. When the action is against the surety, the creditor is neither required to aver nor prove that the surety received any consideration to support his covenant. The averment of the affidavit of defense that this defendant did not receive any of the consideration for which the note was given, that he was no more than an accommodation endorser for the maker and that the note was not protested at maturity, constituted no defense to this action.

The mere fact that the bank holds collateral securities of the principal debtor, which the affidavit indicates are in litigation, does not constitute a defense to this action. The additional securities held by the bank are in relief of this defendant, and any payment received from them on account of this debt, would to that extent reduce the claim. The affidavit does not aver that the bank has received anything upon these securities, nor that the bank has surrendered or in any manner impaired the value of such securities. If this defendant pays this judgment he will have the right to be subrogated to all the securities which the bank holds for the debt and that is all that he has the right to demand:

Searight v. Carlisle Deposit Bank, 162 Pa. 504; Fifth Ave. Bank v. Klauss, 193 Pa. 402; Mosser v. Criswell, 150 Pa. 409; Beaver Trust Co. v. Morgan, 259 Pa. 567; Park Bank v. Kleman 278 Pa. 165. The court below did not err in entering judgment for want of a sufficient affidavit of defense.

The judgment is affirmed.