The Art-Asceptible Furniture Company *v.* Martha Maratta, Appellant.

Argued April 20, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

Before REID, McVICAR and GOLLMAR, JJ.

264

[redacted]

*W. T. Tredway*, for appellant.

*Frank R. Murdock,* and with him *Frank W. Stonecipher* and *John M. Ralston,* for appellee.

OPINION BY PORTER, P. J., July 12, 1928:

This is an appeal by the defendant from an order of the court below discharging a rule to show cause why the judgment by confession, under a warrant contained in a bailment lease, should not be opened. The petition of defendant to open the judgment averred that the electric hair-dressing machine delivered to her under the provisions of the lease containing the warrant under which the judgment was entered, was so defective that it could not be used without danger to the patrons of her "beauty parlor;" that she notified the plaintiff and demanded that the machine be taken back as useless; that plaintiff promised to have the machine repaired so that it could be operated, but after a thorough inspection of the intricate parts of the machine, it could not be safely operated; that experiments to which the machine was subjected having endangered the persons on whom the same was used, petitioner was threatened by damage suits, and that she had returned the machine to the plaintiff. The plaintiff filed an answer to this petition denying all the allegations of defects in the machine and averring that the defendant had retained the machine for seventeen months and used it in her business; that if defendant had had any trouble with the machine it was entirely due to the fault of the operator thereof; that after defendant had used the ma-

chine for seventeen months she requested the plaintiff to allow her to return the machine and that plaintiff offered to comply with the request and allowed defendant a credit of $100 upon her account, the defendant to continue to pay the monthly rentals as they accrued under the terms of the lease, and that defendant accepted said offer, returned .the machine and that plaintiff thereupon allowed her credit for $100 upon her account. The answer further averred that the defendant had subsequently refused to pay the monthly rentals in accordance with the terms of this agreement and that judgment was thereupon entered by confession for the amount of the balance due, after allowing the defendant credit for $100 according to the terms of said agreement. Every material averment that the machine was defective contained in the petition was explicitly denied by the answer. Depositions were taken by each of the parties. The testimony thus adduced upon the part of defendant consisted of that of herself and her employees. No customer of her establishment who had been injured by the use of the machine was called in corroboration of such testimony. The plaintiff called a witness, who appeared to be entirely disinterested and thoroughly acquainted with the machines of the character in question, who testified that he had, at the request of the plaintiff, examined the machine in the establishment of the defendant, in the presence of the defendant, and that he found nothing wrong with the machine; that he had himself operated the same kind of a machine for two years, and that if the machine in question did not work satisfactorily it was due to improper operation. The plaintiff, in addition, offered a written instrument in evidence, which was signed by the defendant and which clearly established that a short time prior to the return of the machine by the defendant to the plaintiff it had been agreed that she was to return the machine, receive credit

upon her account of $100, and make payments each month on the remainder of her account. We have carefully considered the testimony and in the light thereof would certainly not be warranted in holding that the refusal of the court below to open the judgment involved an abuse of discretion.

The order of the court below is affirmed.