New Phila. L. Assn. *v.* Druian et ux.

Argued October 8, 1930.

Before TREXLER, P. J., KELLER, LINN,. GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Louis Greenblatt,* for appellant.

*Joseph R. Rose,* for appellee.

OPINION BY CUNNINGHAM, J., January 30, 1931:

On March 27, 1928, plaintiff, engaged in the business of making loans, entered a judgment in the court below upon a note for $500, signed by defendants, who are husband and wife; it was dated March 24, 1928, contained a warrant of attorney to confess judgment and was given to secure the repayment, in instalments, of a loan.

Fanny Druian, alleging that she signed the note "as surety for her husband," filed her petition to open the judgment as to her; plaintiff answered, denying that she signed as surety for her husband and averring that the loan had been made to her. Depositions were taken, from which it appeared that $150 had been received by plaintiff on account of the loan, and the court below, after requiring plaintiff to file a remittitur

"of all sums in excess of $350," discharged the rule. From this order Fanny Druian now appeals and our inquiry is whether the court below abused its discretion: The Art-Asceptible Furniture Company v. Maratta, 94 Pa. Superior Ct. 263; Saslow v. Saslow, 100 Pa. Superior Ct. 414; Reidlinger et al. v. Cameron et al., 287 Pa. 24. The makers of the note were married in January and separated in July, 1928, which may account, to some extent, for the present controversy relative to its payment. The testimony on both sides came from interested witnesses—appellant and the secretary of plaintiff—and was so equivocal, biased and confused as necessarily to leave in the mind of a reader a serious doubt relative to the real justice and equity of the case.

Both witnesses testified, under objection, to certain acts and declarations of appellant's husband. It is apparent from the evidence that he had knowledge of facts which, if truthfully stated, would have an important bearing upon the controversy, but, for some undisclosed reason, neither side saw fit to take his deposition. Appellant invokes the legislative enactment of section 2 of the Act of June 8, 1893, P. L. 344, that a married woman "may not become accommodation indorser, maker, guarantor or surety for another." This provision applies only to the technical contract of endorsement, guaranty or suretyship included in the words of the act, and it has been ruled that while a wife may not become surety for her husband there is no law to prevent her paying his debts or giving him money to use in his business, even though she may have borrowed it: Yeany v. Shannon, 256 Pa. 135, 138, and cases there cited. The real inquiry in a case of this kind goes to the substance of the transaction rather than to the phraseology used by the parties in their testimony when undertaking to describe their legal relations to each other. After a

painstaking analysis and weighing of the testimony and after considering the credibility of the witnesses, as was his duty (Jenkintown National Bank's Appeal, 124 Pa. 337), STERN, J., speaking for the court below, said: "The sum and substance, therefore, of the case seems to be this: That the wife owned real estate of her own, and also real estate as tenant by entireties with her husband; that she had a bank account in her own name; that the plaintiff company made a loan of $500 on a note signed by husband and wife, and paid out the money on a check drawn to the order of both husband and wife; that the wife deposited the money in her own account and not under any arrangement which made her an agent or trustee for her husband in so doing; that she had full control and dominion over the money [in the account]; that she actually used it for such purposes as she saw fit; that she paid out large sums for her own use, and large sums for her husband's use, but without any satisfactory proof that this particular money was solely diverted to the husband's purposes; that in any event she paid her husband's debts only because she saw fit so to do; that she spoke of the loan as her own loan, and, in general, that she was apparently the financier of the family exchequer. Therefore, since she received the money and used it as she pleased, it does not seem to the court that the mere fact that it was the husband who was sent originally to ask for the loan, and that the wife was brought in to sign the note because the loan association would not otherwise loan the money to the two of them, should take from the transaction as a whole its underlying purport that the wife was a principal and not merely a surety for her husband. To allow the wife, who received and used the money, to escape liability, for its repayment, would seem inequitable and unjust. For these reasons the court refused to open the judgment. The law governing such

transactions is so comprehensively set forth in 30 C. J., pp. 743-5, sec. 359, and in the cases there cited, as well as in the Pennsylvania reports generally, that no detailed citations of authorities would seem to be necessary."

This was equivalent to saying that appellant had failed to show by preponderating evidence (Kaier v. O'Brien, 202 Pa. 153) that a jury should and probably would find in her favor.

We cannot say, upon a review of the whole record, that the court below abused its discretion in refusing appellant's petition to open the judgment as to her and therefore overrule the assignments.

Order affirmed.