## McKean *v.* Enburg (et ux., Appellant).

Argued December 4, 1936.  Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*B. D. Oliensis,* with him *J. Harry Wagner, Jr.,* for appellant.

*L. Halpern Miller,* with him *Levick, Wexler & Weisman,* for appellee.

OPINION BY MR. JUSTICE DREW, January 11, 1937:

Emily N. Enburg, the appellant here, joined with her husband in the execution of two mortgages on property held by them as tenants by the entireties, and in the execution of two bonds which the mortgages were given to secure.  The bonds and mortgages ran to appellee's assignor, Margaret B. Stewart, and were executed and delivered to her in keeping with a written agreement that she would accept them as an immediate and full release of a claim, disputed in amount, which she had against Mr. Enburg.  This agreement was between Miss Stewart and Mr. Enburg who undertook therein that his wife, the appellant, would join in the execution of the

documents; it was also signed, however, by appellant at her husband's request. The bonds and mortgages were similarly executed by her at his solicitation. Negotiation of the whole matter was between Mr. Enburg and Miss Stewart; indeed, at no time in the course of it was appellant present (Cf. *Scott v. Bedell*, 269 Pa. 167, 169, distinguishing *Oswald v. Jones*, 254 Pa. 32).

Judgment has been entered on one of the bonds, by virtue of its warrant, against both John M. and Emily N. Enburg. The latter petitioned for and was granted a rule to open the judgment and one to satisfy it. From the order discharging both rules this appeal was taken.

The only question here involved is whether appellant was a surety on the bond upon which judgment was entered. We think she was. The judgment ought to have been opened to let her into the defense accorded by the Married Women's Act of June 8, 1893, P. L. 344, section 2.

It is true, in establishing that she is a surety only, a married woman has the burden of proof: *Southwestern National Bank v. Leibowitz*, 320 Pa. 410; *Frankford Trust Co. v. Wszolek*, 320 Pa. 437; see *Bank v. Poore*, 231 Pa. 362, 365; *Yeany v. Shannon*, 256 Pa. 135, 139. Yet, upon the showing, which was made here, that the consideration moved to the other party to the obligation, that he was the prime mover in the negotiation (Cf. *Scott v. Bedell*, supra, distinguishing *Oswald v. Jones*, supra), and that appellant became a party at his request, she is entitled to the presumption that her obligation was understood to be secondary: *Stewart v. Stewart*, 207 Pa. 59. This presumption obtains as a general rule in the law of suretyship *(Cummings v. Little*, 45 Me. 183; *McGraw v. Union Trust Co.*, 136 Mich. 521; see *In re Sanders' Estate*, 24 N. Y. S. 317, 319) and it is not to be denied a married woman merely because she cannot be held personally liable if a surety: *Stewart v. Stewart*, supra. The presumption arises because the facts re-

quired as its foundation are enough, if not explained, to indicate who primarily ought to pay. Unless dispelled it would seem to establish appellant to be a surety (for operation of presumptions, see 5 Wigmore, Evidence, [2d. ed.], section 2490). In addition both husband and wife deposed that neither intended her undertaking to be that of a principal. There was no evidence to contradict them; in fact, no counter depositions were taken; all the inferences from the factual situation give rise to the presumption, and there is nothing in the case to dispel it. Thus this case differs from *Frankford Trust Co. v. Wszolek,* supra, where we held that "There was ample evidence to sustain the jury's finding that she intended to assume a primary obligation on this note."

This is not a case of payment of another's debt by a married woman as are those appellee cites: *Yeany v. Shannon,* supra; *Scott v. Bedell,* supra. It may be conceded that the husband's old liability to Miss Stewart was discharged. This was done, however, by giving a bond on which, as shown, appellant was surety and her husband principal. The contention is made that if the husband's anterior liability has been discharged, appellant cannot have become a surety upon it. This is so, but falls short of the real issue, namely, the relation of the parties on the bond upon which judgment has been entered.

It seems the effort to charge appellant as a principal has come as an afterthought. To give it effect would be subversive of a foundation principle of suretyship and a nullification of a plain mandate of the Married Women's Act.

Judgment reversed and case remitted to the court below to make the rule to open absolute.