Western National Bank of York, Appellant,
*v.* Levin.

Submitted May 24, 1938.　Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John A. Hoober,* for appellant.

*Arthur Markowitz* and *William W. Wogan,* of *Markowitz & Wogan,* for appellee.

OPINION BY MR. JUSTICE STERN, June 17, 1938:

Defendant's husband, Louis Levin, a merchant, became financially involved. In order to effect a contemplated settlement with his creditors he needed $2,000 in addition to funds on hand. He applied to plaintiff bank for a loan in that amount. His application was refused, but the president of the bank informed him that they would make a loan to defendant, Levin's wife. The reason for their selection of her as the borrower probably lay in the fact that the property in which she and her husband lived was owned by her and the title was in her name. Levin brought her to the bank and there she signed a judgment note for $4,000 payable to plaintiff one day after date. The bank withheld $2,100, which it applied in liquidation of the balance then due it upon a note on which Levin was liable as endorser. The balance of $1,884.67 ($1,900 less the discount) was credited to defendant, but that same afternoon she checked out this sum to her husband, who on the following day deposited it in his own account for use in the settlement. To the extent to which interest on the note was thereafter paid to the bank it was paid by Levin.

On the day following the execution of the note plaintiff entered it of record, whereby it became a lien against defendant's real estate. The present proceedings originated in a petition by her to open the judgment and allow her to defend on the ground that she was a married woman and had signed the note as an accommodation maker for her husband. The judgment was opened

by agreement of the parties and the case proceeded to trial. A verdict was rendered in favor of defendant. Plaintiff appeals from the refusal of the court below to enter judgment n. o. v. in its favor.

Even if a person accommodated is not a party to a note, and the only liability thereon to the lender is that of the maker, the latter is none the less an "accommodation maker" if the credit obtained is solely for the benefit of the accommodated party and it is he who receives the proceeds.* In cases involving the liability of a married woman under the Act of June 8, 1893, P. L. 344, section 2, the law looks to the substance rather than the form, the object being to ascertain whether, in reality, the transaction is one in which a married woman is loaning her credit to another. If so, she is protected by the statute, though her liability be the primary, or even the sole, obligation on the instrument.

Had defendant, in the absence of qualifying circumstances, desired to pay her husband's debts and to raise money for that purpose on her note, the transaction would not have fallen within the prohibition of the act. If a married woman borrows on her own account, the lender ordinarily need not concern himself with the use she makes of the money. After she obtains it she may do with it what she pleases; she may devote it to the payment of her husband's debts, or she may give it away, either to him or anyone else: *Class & Nachod Brewing Co. v. Rago,* 240 Pa. 470; *Yeany v. Shannon,* 256 Pa. 135; *Scott v. Bedell,* 269 Pa. 167; *Newtown Title & Trust Co. v. Underwood,* 317 Pa. 212; *Frankford Trust Co. v. Wszolek,* 320 Pa. 437; *Hastings Bank of Hastings v. Covitch,* 324 Pa. 171, 172. But where the wife does not borrow and receive the money in such manner as to give her full control and dominion over it,

---

* See *Mosser v. Criswell,* 150 Pa. 409; *Patrick & Co. v. Smith,* 165 Pa. 526; *Delaware County Trust Co. v. Haser,* 199 Pa. 17; *Chestnut Street Trust & Saving Fund Co. v. Hart,* 217 Pa. 506; *Newhall v. Arnett,* 279 Pa. 317.

where the right and the opportunity of free and voluntary disposition of it is denied her, where the money is paid directly to the accommodated party or for his use and benefit, where the transaction is but a device to evade the purpose and spirit of the statute by making it falsely appear that the wife is the real instead of merely the nominal actor, then, if the lender is a party to the scheme or aware of its true object and nature, the court will refuse him the right of recovery against the wife: *Patrick & Co. v. Smith*, 165 Pa. 526; *Stewart v. Stewart*, 207 Pa. 59; *Sibley v. Robertson*, 212 Pa. 24; *Oswald v. Jones*, 254 Pa. 32; *McKean v. Enburg*, 325 Pa. 456, 458; *Kemper v. Richardson*, 72 Pa. Superior Ct. 115; *Goldsleger v. Velella*, 106 Pa. Superior Ct. 65.

In the present case there was little, if any, contradiction in the testimony of the respective parties. Even from plaintiff's own evidence it appears that all the negotiations for the loan were with Levin. The original application was by him, it was at the bank's suggestion that the loan was made instead to defendant, and the president of the bank knew that the money was intended solely for Levin. More than half of it was retained to pay his indebtedness to the bank and was not delivered to defendant at all. It is true that the balance, as a matter of form, was credited to her account, but, by what was obviously pre-arrangement, it was immediately turned over to her husband for the use for which it was originally designed. Defendant had no financial interest of her own in the loan, received no personal benefit from it, was permitted no voice in its disposition, and was not afforded any real opportunity to exercise rights of ownership with respect to it. These circumstances distinguish the transaction sharply from such a case, for example, as *New Philadelphia Loan Association v. Druian*, 101 Pa. Superior Ct. 62, 65, and their collective weight was such that the court could not have declared as a matter of law that defendant did not sustain the burden cast upon her of proving her exemption

from liability. The most to which plaintiff was entitled was to have the question submitted to a jury, and the verdict of that tribunal, there being no complaint of trial errors, is conclusive.

Judgment affirmed.